San Jacinto Oil Company et al v. J. J. Culberson et al.

No. 1676.   Decided April 3, 1907.

1.—Trial by Jury—Demand—Presumption.

It seems that where the trial court permitted a trial by jury,. the presumption should arise, where the record does not show the contrary, that the necessary steps entitling the parties thereto were duly taken.   (P. 465.)

2.—Jury Trial—Right to—Demand—Waiver.

The Constitution gives a litigant the right to a trial by jury, without distinction between law and equity (Const., art. 5, sec. 8, 10), and demand therefor is in time if duly made at the term at which it is tried (Rev. Stats., arts. 3189, 3192).   The right is not lost by appearing before a master in chancery to whom the case has been referred and resisting adverse findings on the hearing before him.   (Pp. 465, 466.)

3.—Same—Master in Chancery.

In chancery proceedings proper, where the jurisdictions are distinct, no right of trial by jury exists; and where by statute reference of common law rights to a master in chancery may be had by consent, under statutory provisions, the right to a jury would be waived by accepting such reference; but our statute requires the appointment by the court, in all receivership cases, of a master in chancery, to perform all duties required of him by the court; the reference of a claim to such master is not dependent on consent of the claimant; and by appearing before the master he can not be held to have elected to waive his right to a jury trial.   (Pp. 466, 467.)

4.—Same—Effect of Master's Findings in Jury Trial.

The right to trial of issues by a jury includes the right to have them determined by the jury upon legal evidence, uninfluenced by the conclusions of the master in chancery; the master's reports, like those of auditors, are not evidence in a jury trial on issues of fact raised by exceptions taken to it, and are not admissible to make a prima facie case on the facts or alter the burden of proof thereon.   (P. 467.)

5.—Same—Case Stated.

A corporation having been placed in the hands of a receiver, and a master in chancery appointed by the court therein, interveners presented a claim against the company and the receiver for damages for breach of a contract made by the company, and these claims being referred to the master, both parties appeared and contested the issues there, resulting in a report by the master in favor of the interveners' claims.   Defendants (the receiver and the corporation) filed exceptions to the report on its return, and answer to the intervention, and demanded a trial by jury, which was allowed.   Held, that defendants did not lose their right to trial by jury by the reference to the master and their appearance before him; that the master's report was not admissible in evidence against them; and that it was error to charge that it made a prima facie case for the interveners and placed the burden of proof on the contested issues on defendants.   (Pp. 463-467.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

The San Jacinto Oil Company and its receiver appealed from a judgment recovered by certain interveners in the receivership proceedings and on affirmance obtained writ of error.

*Capps & Cantey* and *A. B. Flanary,* for plaintiffs in error.—The master's report was but the opinion of a third party as to matters on which the defendant had the right of trial by jury, and as to which there was no authority for the report of the master in chancery, arts. 1494, 1485, Sayles' Rev. Stats.

The report of the master being excepted to did not shift the burden of proof from the interveners to the defendant.    Sayles' Rev. Stats., art. 1496; Hills v. Dons, 37 S. W. Rep., 638; Kempner v. Galveston Co., 76 Texas, 450; Whitehead v. Perie, 15 Texas, 7; Dwyer v. Kalteyer, 68 Texas, 559; Clark v. Hills, 67 Texas, 148; Beaumont Pasture Co. v. Preston, 65 Texas, 451; Eagle Mfg. Co. v. Hanaway, 90 Texas, 581.

The charge of the court, with reference to the breach of the contract and the finding of the master in chancery with reference thereto, was a charge upon the weight of the evidence.    Castro v. Illies, 22 Texas, 503; Blum v. Strong, 71 Texas, 324; Clark v. Hills, 67 Texas, 148; Beaumont Pasture Co. v. Preston, 65 Texas, 451; Heldt v. Webster, 60 Texas, 209.

*A. M. Carter,* for defendant in error.—The failure of the San Jacinto Oil Company and George W. Armstrong to except to the master's report, as provided for by the order appointing the said master, deprived them of the right under said order of any hearing upon the exceptions to the same filed only in the clerk's office, and upon filing such report by the masters, the same stood confirmed by reason of the said order as aforesaid.    Rev. Stats., arts. 1485, 1903; Henderson's Chancery Practice, sec. 413, p. 590; sec. 414, pp. 592-594; sec. 417, p. 596; sec. 418, p. 598; secs. 471, 472; sec. 470, p. 676; sec. 477, p. 691; sec. 478, p. 694; sec. 479, p. 695; sec. 480, p. 697; sec. 441, p. 700; sec. 482, p. 702; secs. 483-495; secs. 362-380; See 16 Cyc., p. 444-D, et seq., p. 453.

The San Jacinto Oil Company failing to appear and present its answer and defenses, if any it had, at the trial, or to ask the court to pass on the socalled exceptions to the master's report, thereby waived any objection or exception to the master's report.    16 Cyc., p. 453, par. 4, notes 20, 21, 22.

The appellant did not except before the master and bring up the evidence heard before him with said exceptions, and therefore the court below had nothing before it by which it could ascertain whether or not the said master had erred in any conclusions of fact that he arrived at.    16 Cyc., pp. 451, 452.

As there had been a total failure on the part of the appellants to object and except to the master's report in and before him as the court had required to be done, it was, therefore, not error to permit the appellees to read the master's report to the jury.    16 Cyc., 453, par. 4.

WILLIAMS, Associate Justice.—On the 16th day of January, 1903, in the District Court of Tarrant County the property of plaintiff

in error, The San Jacinto Oil Company, was placed in the hands of George W. Armstrong, as receiver, to be administered and distributed in payment of its debts. On the 7th day of March, 1903, a master in chancery was appointed, whose duties were defined in the order of appointment. He was directed, among other things, to ascertain and report all claims and demands against the company, the priority and validity of the same; to examine and report upon all interventions then or thereafter filed, stating his conclusions of law and fact thereon and the proper disposition to be made thereof; and all such interventions and the claims of all persons were referred to the master for such investigation and report. It was further ordered that, "said master in chancery shall file his report herein from time to time as he may complete the same and that any party or parties interested in this suit, may and shall be heard upon exceptions to the same, provided that such exceptions shall have been made before the master in chancery upon the rendition by him of his conclusions in the premises covered by his report, and upon the failure of any or all of the parties interested in any of the matters pending before said master to take exceptions to his conclusions or report before him, then upon the filing of any such report by the master the same shall stand confirmed. Notice of the hearing of all matters referred to the master and considered by him, shall be given to all of the parties interested, of the time of the consideration by him of said respective matters. All exceptions and objections to the master's report made and entered before the master, as above provided, and filed in this court, shall be by the clerk entered in the motion docket, and shall be heard by this court without further notice, as soon as the same may suit the convenience of the court."

Thereafter on April 14, 1903, the action now before us was instituted by intervention in the receivership proceeding, whereby the interveners, J. J. Culberson, The Paris Oil and Cotton Company, The West Cotton Oil Company, The Ladonia Cotton Oil Company, The Celeste Cotton Oil Company, The Waxahachie Cotton Oil Company, The Decatur Cotton Oil Company, The Corsicana Cotton Oil Company, The Rosebud Cotton Oil Company, and The Shreveport Cotton Oil Company sought to establish a liability against the San Jacinto Oil Company for damages for breach of a contract made by it with Culberson as the common agent of the other interveners for their several benefits, whereby the San Jacinto Oil Company upon specified terms had agreed to furnish to them oil to be used as fuel in running their oil mills.

No answer of the receiver to this petition of intervention, and none of the San Jacinto Oil Company prior to March 23, 1905, after the return of the master's report hereinafter stated, appear in the record.

No special order referring this intervention to the master seems to have been made, but it is to be presumed that he entered upon the investigation of it under the general authority above stated. He made a report upon it August 12, 1904, and in his statement of the case, he refers to an answer of "the defendant" setting up defenses of the same nature as those set up in the answer afterwards filed by the San Jacinto Oil Company above referred to, and finds that such defenses, as to some of the interveners were not sustained, and that those interveners

are entitled to recover amounts stated by him. He found that The West Cotton Oil Company, The Corsicana Cotton Oil Company, and The Decatur Cotton Oil Company were not entitled to recover anything, and those companies do not appear to have further prosecuted their claims. No report of the evidence taken appears to have accompanied the report, but it is apparent that testimony had been taken and the parties heard. On the day this report was filed the defendant filed exceptions to it in which a number of the conclusions of fact were specifically contested. The record shows no further proceedings until the filing of the defendant's answer on the date before given.

On the 23d day of March, 1905, the cause was tried by a jury, and verdict and judgment were rendered for the amounts as found by the master.

The assignments of error complain of the ruling of the trial court in admitting in evidence the master's report, and of the charge giving to it the effect of prima facie evidence and placing upon the defendant the burden of proof upon the contested issues of fact. The Court of Civil Appeals were inclined to hold that these rulings were erroneous, but thought they could not avail the appellants because under the facts stated they were not entitled to a trial by jury. The Court of Civil Appeals held that a jury should have been demanded before the cause was referred to the master, and that in acquiescing in such reference by appearing before him and participating in the contest they had waived the right to a jury; and further that, in order to entitle themselves to object in court to the action of the master, exceptions thereto must have been reserved before him and embodied in those presented to the court; and that, as such objections were not made before the master, it was the duty of the court to approve the report and render judgment for the amounts allowed by it. Hence, it was concluded there was nothing to try when the cause was submitted to the jury.

We think a sufficient answer to this position would be that, as it does not appear affirmatively from the record that the demand for a jury was not timely made, nor that the objections to the conclusions of the master were not presented before him, the presumption, from the action of the trial court in allowing a jury, should be that all that was essential to entitle the defendant thereto had been done. The parties were certainly entitled either to action upon the report of the master by the court, or to a trial by jury, and when the former course was not taken, but the latter ordered, the natural conclusion, from the record, is that the conditions existed to make it proper.

But we do not rest our decision on so narrow a proposition. The defendant was entitled to a trial by jury of the contested issues of fact although it had not demanded a jury before the cause went to the master, and had not reserved its exceptions before him. The question whether or not the proceeding was legal or equitable is wholly immaterial. The combined effect of sections 8 and 10 of article 5 of the Constitution is to give the right in "all causes" and "without regard to any distinction between law and equity" upon demand and payment of the prescribed fee. The time for the demand, as fixed by the Legis-

lature, is the first day of the term at which the cause is to be tried (Rev. Stats., art. 3189) ; and a jury trial at one term is not waived by the failure to demand it at preceding terms, as is made plain by the provision that at each term the docket is to be called to give parties the opportunity to make the demand.    (Id., art. 3192.)    It follows that at the term of court when the issues of fact in this cause were to be tried the defendant still had the right to have them passed upon by a jury, unless it be true, as supposed, that the facts that the cause of action of interveners, without objection, had been referred to the master, that the defendant may have appeared and contested it before him and that it had been passed upon by him, constituted a binding and perpetual waiver of the right to a trial by jury.

It may be true that where the state of the law is such that a party is called upon to make choice between two inconsistent modes of trial, the adoption of the benefits of one will preclude him from afterwards asserting the right to the other.    In jurisdictions where the distinction between proceedings at law and those in equity is maintained, there is no jury trial in the latter, except of such issues as the court may, in its discretion, frame and submit to a jury.    The court has the power to decide all questions, those of fact as well as those of law ; and, to aid it in the exercise thereof, it sometimes appoints a master in chancery to investigate and report upon such matters as are submitted to him, his report being addressed to the court for its consideration and not to a jury.    Hence, in such cases it is held that it is too late for a party to ask to have the issues of fact tried by a jury after he has acquiesced in a reference to and a trial by a master.    No right of trial by jury is involved in such proceedings because none exists.

But the right does exist in cases arising under the common law ; and in States whose constitutions merely protect the right of trial by jury in general terms it is held that parties to such causes can not be compelled, with or without the aid of statute, to submit them to auditors, commissioners, or other referees.    (17 Ency. Pl. and Pr., 994.)    But in many States statutes exist providing for such references by consent, which contemplate the substitution of those proceedings, with the action of the courts upon the reports of referees, in the place of trials by jury.    It is therefore held in such cases, also, that the party who voluntarily submits to one mode of trial thereby waives the right to the other.    Many decisions upon such questions are cited in 17 Am. & Eng. Ency. Law, p. 1102.    But those decisions are inapplicable in this State because of our legislation, differing from that upon which they are based.

The statute providing for the appointment of masters in chancery in receivership proceedings is as follows:

"The court shall, in every case of the appointment of a receiver, . . . appoint a master in chancery, who shall perform all of the duties required of him by the court, and shall be under the orders of the court, and have such powers as a master of chancery has in a court of equity."

It will be observed that the appointment is to be made and such powers as are given are to be exercised in all such proceedings without reference to the consent of the parties.    Whatever the court may law-

fully require the master to do, he may do without such consent; and it is therefore not contemplated that the parties shall be put to their choice between a trial before a jury and a trial before the master. As we have already seen, the Legislature can not deprive any party of his right of trial by jury in any cause, legal or equitable, and, hence, this statute must be so restricted in its operation as not, by itself, to have that effect. It would have that effect if the master's proceeding be treated as a substitute for the jury trial, for it does not attempt to provide a mode in which the parties may by consent waive their right to a jury. They have no choice but to submit to the doing of the things which the court through the master may lawfully do. Obviously in such proceeding, such a referee may render great assistance to the court in many ways without impinging upon the constitutional right of trial by jury, and the statute may therefore have a broad operation without conflict with that right; and it is to be construed as consistent with it, and not as a denial of it. When it is so construed, it follows that parties to such proceedings, by merely submitting to the course prescribed by the court under its authority, do not give a consent which it does not require them to give; in other words, that they do not consent to substitute the action of the master and of the court upon his report for that of a jury. Such a choice is not to be inferred because the statute does not require it. To still demand a jury to try the issues of fact is a right secured to them by the constitutional and statutory provisions before cited. The right so to try such issues includes the right to have them determined by the jury upon legal evidence, uninfluenced by the conclusions of the master. This has long been held with reference to the reports of auditors, who are referees of the same character as masters in chancery, except that, perhaps, under our statutes, the inquiries of the former may not cover so broad a field as those of the latter. The reports of auditors, when issues of fact, raised by exceptions thereto, are being tried before juries, are not evidence upon such issues; and objections made before the auditors are neither essential nor material to such a trial. (Kempner v. Galveston Co., 76 Texas, 457; Dwyer v. Kalteyer, 68 Texas, 554; Whitehead v. Perie, 15 Texas, 13.) The same rule must be applied to the reports of masters in chancery appointed under the receivership statute.

The trial court therefore erred in admitting the report as evidence upon the contested issues and in instructing that it was prima facie evidence of the facts found upon those issues, and the Court of Civil Appeals erred in affirming the judgment.

*Reversed and remanded.*