**MASON v. PRINCE.**

No. 3746.

Court of Civil Appeals of Texas. El Paso.

Sept. 22, 1938.

Rehearing Denied Oct. 13, 1938.

John B. Daniel, of Temple, for appellant.

Hamilton, Lipscomb & Wood, Logan Ford, and Burford, Ryburn, Hincks & Charlton, all of Dallas, for appellee.

WALTHALL, Justice.

This is a suit by W. D. Prince, Receiver of the Lloyds of Texas, appellee, filed on May 26, 1934, in the 101st Judicial District Court, and subsequently transferred to the 44th District Court of Dallas County, Texas, against H. B. Mason, appellant, an underwriter of the Lloyds of Texas, to recover on the latter's subscription contract the sum of $1,220, which sum is appellant's several and pro rata liability on losses and claims which have accrued against the Exchange on policies issued. from the time he became an underwriter on January 18, 1929, until the cancellation of his power of attorney at a meeting of the underwriters at the Baker Hotel on April 14, 1930. Appellee, in addition to appellant's several and pro rata liability on losses and claims which have accrued against the Exchange, sought to recover the sum of $400 as appellant's part of the expenses incurred in administering the estate in receivership since May 16, 1930, the date on which the estate was placed in the hands of a receiver, upon application of the Attorney General of Texas. Recovery for administration expense was abandoned on motion for judgment.

Appellant answered, setting up plea of privilege, pleas in abatement, pleas to the jurisdiction of the court, and other dilatory pleas and exceptions, defense of fraud inducing the execution of the subscription contract, and failure of consideration, all of which pleas and defenses were waived.

Appellant defended on the ground that he revoked his power of attorney on May

3, 1929, by letter dated May 2nd, addressed to the attorney in fact, and received by him on May 3, 1929.

Appellee by supplemental petition plead that appellant was prohibited from successfully asserting his plea of revocation by reason of the finding of the Master in Chancery in the original suit, to which appellant was a party. That under proper Orders of Reference the Master in Chancery found appellant did not terminate his subscription contract until April 14, 1930. That appellant did not reserve any exception to the findings of the Master, or to the order of the Court confirming and adopting same. That such finding and approval by the Court constitute an adjudication adverse to appellant's plea, and in the absence of an objection thereto is conclusive upon him, and effectually precludes him from asserting the revocation of his power of attorney on May 3, 1929. Appellee further plead that appellant was estopped to assert that he had revoked his power of attorney on May 3, 1929, and had waived such defense because of his participating as an underwriter in a meeting of the Lloyds of Texas on April 14, 1930, and seconding the motion to cancel the powers of attorney and transfer to the Insurance Commission the assets of the Exchange for immediate liquidation with knowledge of the facts he now pleads to defeat recovery on his underwriter's contract—to-wit, his alleged revocation on May 3, 1929. Appellee further alleged that the attorney in fact did not comply with the instructions contained in the letters of May 2 and 4, 1929. That the attorney in fact continued to write policies of insurance on the faith of appellant's subscription to the surplus of the Exchange, continued to list appellant as an underwriter on the books of the Exchange up to the appointment of a receiver on May 6, 1930, listed appellant as an underwriter in the annual report filed on February 8, 1930, with the Insurance Commission at Austin, and on December 31, 1929, represented to the examiner of the Insurance Commission that appellant was an underwriter. That policies of insurance were issued and credit was extended to the Exchange because of his apparent status as an underwriter. That appellant knew he was being held out to the public as an underwriter and contributor to the surplus of the Exchange. That the rights of creditors have intervened. That appellant·neglected to bring suit to cancel and rescind his underwriter's contract until June 6, 1930, after the Exchange had been adjudged insolvent and a receiver appointed to wind up its affairs, and that by reason of such facts appellant was estopped from asserting that he had revoked his subscription contract on May 3, 1929, and to deny his liability for the debts, claims, losses and expenses which accrued between January 18, 1929, and the termination of his power of attorney on April 14, 1930.

The case was tried before a jury. At the close of the testimony appellee filed its motion for an instructed verdict in the sum of $1,220, defendant's several and pro rata liability on the unpaid losses due by the estate. This request was overruled by the court, to which appellant duly excepted and same is reserved by proper bill of exception.

The jury found that appellant revoked his power of attorney on May 3, 1929. That he did not thereafter abandon his revocation and that he participated in a meeting of the underwriters on April 14, 1930, as an underwriter of the Exchange.

The undisputed evidence discloses that in the event appellant revoked his power of attorney on May 3, 1929, and such revocation becomes effective upon receipt of notice thereof, appellant's liability is $51.-44. In the event his alleged revocation does not become effective until three months thereafter, as provided by the terms of the underwriter's contract, his liability is $488.46. In the event the appellant's subscription contract was terminated on April 14, 1930, his liability is the sum of $1,220.

Appellant asked that· judgment be rendered on the verdict against him for $51.-44. Appellee filed motion for judgment notwithstanding the verdict, and in the alternative, on the verdict. After notice and hearing the court granted appellee judgment for $1,220.

Appellant duly perfected his appeal.

## Opinion

In view of the disposition we have concluded to make of this case it becomes unnecessary to state the findings of the jury on the facts submitted more than to say that appellant participated as an underwriter in the meeting of the underwriters of the Lloyds of Texas on April 14, 1930 at the Baker Hotel in Dallas,

Texas, the trial court having entered judgment for appellee on appellee's motion non obstante veredicto for the sum of $1,220, from which judgment this appeal is prosecuted.

In the discussion we make of the case we think the issues submitted in appellant's several propositions and appellee's counter propositions are sufficiently made to appear, without stating them severally. There is but little, if any, controversy on the facts.

Dr. Mason's sole defense, as we view it, consists of a plea of revocation of his subscription contract by his letters of May 2nd and May 4th, 1929.

Appellee by supplemental petition, as stated, plead that appellant was prohibited from asserting his plea of revocation by reason of the finding of the Master in Chancery in the original suit, in which suit · appellant was a party; that under proper Orders of Reference the Master in Chancery found that appellant did not terminate his subscription contract until April 14, 1930; that appellant did not reserve any exception to the finding of the Master in Chancery or to the order of the Court confirming and adopting such finding.

The statement of facts covers about 227 pages and is too extensive to copy, even briefly, the facts therein contained.

Appellant was a party to the original suit and filed answer in which the Lloyds of Texas was placed in the hands of a receiver, and where the Orders of Reference to the Master were made and his report approved and confirmed, and the findings therein "ratified and adopted as the acts and findings of the court" (the 44th District Court of Dallas County).

On the 9th day of February, 1935, in the same proceedings the court referred additional matters to the Master for the purpose of hearing, determining and certifying his findings to the Court the various underwriters of the Lloyds of Texas, the amount of each underwriter's subscription to the guaranty fund of the Association, the date each became an underwriter, and the date his relationship terminated. The order provides that "upon conclusion of such hearings that the Master embody his findings, together with those previously made in this cause, in a written report, and file same with the Clerk of this Court on or before the 18th of February, A. D. 1935," and extended the time for the filing of the report. The order of the court further provided: "All exceptions and objections to the Master's Report shall be filed herein on or before the 23rd day of February, A. D. 1935, on which date such exceptions and objections as have been filed will be heard and the Master's report be approved and confirmed in whole or in part, or rejected in whole or in part, as the facts and justice of the case may determine."

The Master's report was duly filed. The Master found in his report that appellant became an underwriter on January 18, 1929, and that he terminated his subscription on April 14, 1930. In addition to the foregoing recitation in the report, the following appears in the Master's report: "I find that the Lloyds of Texas went into liquidation on April 14, 1930, and that the subscribers withdrew from any liability on further business written after that date, and that all of the subscribers withdrew their subscriptions on that date," except W. O. Woten of Abilene, who withdrew in 1929.

The report of the Master in Chancery was, by the Court adopted as the findings of the Court. Appellant did not appear and contest the approval of the report, nor did he reserve any exception to the action of the Court in adopting same as its findings.

We do not understand that appellant controverts any of the above statements, but he contends in effect that the Master's report cannot deprive him of the right in this suit to have issues therein found adversely to him inquired into anew by a jury. On the contrary, appellee submits that in the absence of timely exception to the Master's report and the order of the Court confirming the report, the Master's report is conclusive on the facts reported and confirmed.

Appellant refers us to, and copies therefrom at length in his brief, San Jacinto Oil Company v. Culberson, 100 Tex. 462, 101 S.W. 197, the opinion by Judge Williams; he also refers to Dwyer v. Kalteyer, 68 Tex. 554, 5 S.W. 75, the opinion by Judge Gaines. We have carefully reviewed each of those cases in connection with other cases referring to them, such as Kalteyer v. Wipff, 92 Tex. 673, 52 S.W. 63, the opinion also by Judge Williams; also the case of Arlington Heights Realty Company v. Citizens' Railway & Light Co., Tex.Civ.App., 160 S.W. 1109, 1117; Kemp-

ner v. Galveston County, 76 Tex. 450, 13 S. W. 460.

■ We understand the opinion of Judge Williams as holding in the San Jacinto Oil Co. v. Culberson Case that it was not necessary in the hearing before the Master in Chancery to except to the Master's rulings and to embody those rulings in exceptions before the Court, but that it was sufficient if, after the report of the Master was filed and before it was approved and adopted by the Court, the exceptions to the report should then be filed, and that it is at the time of the hearing of the report before the Court and not the Master that the matters and findings expressed in the report may be inquired into anew, and the question of fact at issue be then determined.

■ We understand the courts uniformly to hold that in the absence of an exception to the Master's report the report of the Master becomes matters adjudicated.

We have concluded that the case should be affirmed, and it is so ordered.

Affirmed.