Henry SILVER, Appellant,

v.

Ben SHEFMAN et ux., Appellees.

No. 10366.

Court of Civil Appeals of Texas.

Austin.

Feb. 1, 1956.

Rehearing Denied Feb. 22, 1956.

Ronald A. Smallwood, San Antonio, Warren W. Bennett, New Braunfels, for appellant.

Norman Davis, San Antonio, H. A. Triesch, New Braunfels, for appellees.

ARCHER, Chief Justice.

Appellant instituted this suit against appellees to recover the purchase price of a furniture business, for royalties based on earnings of the business, for the rental value of a warehouse constructed after the execution of a rental and sale contract. Appellees answered and denied that they owed appellant any sum of money and filed a cross action seeking recovery of money expended by them for and in behalf of appellant and for merchandise purchased by appellant and prayed for judgment for their debt and for an adjudication of the legal relations of the parties.

On July 31, 1953, the court, acting on a joint motion, appointed a Master in Chancery in conformity with Rule 171, T.R.C.P., reciting that the case was an exceptional one.

The Master was authorized to hear testimony in connection with the issues and directed to report to the court the findings of fact.

Hearings were authorized and while the Master was not allowed to rule upon the admissibility of evidence, he was allowed to exclude from consideration any evidence deemed inadmissible or improper, and to state the substance of the evidence which he so deems inadmissible and which was not considered by him. The Master was directed to make and file, with a copy to each party, detailed findings of fact on all disputed fact issues within the scope of the pleadings.

Paragraph 5 of the order reads:

"5. The findings of the Master, as contained in his Report, shall be binding and conclusive on all parties, excepting only those findings to which specific written objection is filed by either party within thirty (30) days after the filing of the Master's Report."

The order further provided that unless otherwise set out the Master would have all powers given in Rule 171, T.R.C.P.

The Master filed his report, making findings as requested by the attorney for plaintiff, all of which was favorable to defendants generally, and specifically found that plaintiff owed defendants $4,681.75.

Objections and exceptions to the report were made by plaintiff in which he pointed out certain reasons why the Master's findings were not supported by the evidence or against the overwhelming preponderance of the evidence. The objections were directed at most, if not all, of the findings in paragraph II; and to findings concerning royalties in paragraph III and as to rental value of the warehouse, and that the amounts found are excessive and that the findings as to money, merchandise, materials and labor for the benefit of appellant were not clearly identified. On hearing, the question of the amount of royalties was referred back to the Master.

By supplemental report the Master fixed the royalties at $1,592.14 to be charged against defendants, to which the plaintiff filed objections and exceptions.

The court entered judgment in part as follows:

"This the 19th day of February, 1955, came on to be heard the above entitled and numbered cause, wherein Henry Silver is Plaintiff and, Ben

Shefman and Lillian Shefman are Defendants, and came the parties in person and by their attorneys, and it appearing to the Court that all parties are before the Court, and it further appearing to the Court that heretofore, to-wit, on the 31st day of July, 1953, on joint motion of Plaintiff and the Defendant, this Court rendered and entered an order herein appointing Wallace T. Barber, a duly licensed and practicing attorney at law of San Marcos, Texas, as Master in Chancery in this cause, with the power and duty of hearing and receiving all testimony to be offered by the parties hereto, in connection with all issues raised by the pleadings for the purpose of making and reporting to this Court his findings of fact of all disputed fact issues within the scope of the pleadings; and it further appearing to the Court that under said order of reference, hearings were held before said Master and that such hearings were held without a transcription of the testimony as agreed upon by the parties, and it further appearing to the Court that on the 16th day of January, 1954, said Master did file his report and thereafter, on February 27, 1954, Plaintiff duly filed his objections and exceptions to said report and duly demanded a trial by jury in said cause on his said objections. On the 3rd day of April, 1954, by agreement of the parties, this cause was again referred to the Master for the purpose of making additional findings on the amount of royalties due the Plaintiff by the Defendants for the years 1950, 1951, 1952 and 1953, such reference being under the same terms, conditions and provisions as set forth in the original order appointing said Master; and it further appearing to the Court that thereafter said Master did file his supplemental report on the 30th day of September, 1954; and on the 11th day of February, 1954, the Plaintiff filed his objections and exceptions to said supplemental report and demanded a jury trial thereon, and it further appearing to the Court that all exceptions and objections to said report of said Master-in-Chancery were on the 19th day of February, 1955, heard by this Court and all exceptions and objections of the Plaintiff to said findings were then and there by this Court overruled, and it further appearing to the Court that said Master's report did make findings on all issues of fact presented by the pleadings of Plaintiff and the crossaction of the Defendants, as requested of said Master by the parties, and that no further fact issues remain for determination by this Court, and that the only issues remaining are questions of law; whereupon, the demand of a trial by jury, as requested by the Plaintiff herein, said demand having been duly and timely made, and the fee therefor duly paid on the 27th day of February, 1954, was by this Court refused, to which action of the Court the Plaintiff then and there in open Court excepted, and thereupon this cause proceeded to trial without the aid of a jury and the Court having heard the pleadings, the evidence and the arguments of counsel, is of the opinion and finds as follows:

"I.

"1. That the Plaintiff, Henry Silver, is duly and justly indebted to the Defendants, Ben Shefman and Lillian Shefman, in the sum of $3,549.77, as found by the Master-in-Chancery in his report and supplemental report, which report and supplemental report of said Master-in-Chancery have heretofore in all things been approved and confirmed; the said sum of $3,549.77 having been determined as follows:

"Net amount due by Plaintiff to Defendants after all credits, and offsets as determined by original report of Master in Chancery.................... $6,207.85
"Less:
"Cost of improvements to new warehouse disallowed to Defendants by Master-in-Chancery ..................... $1,065.94
"Royalties due Plaintiff for 1948 through 1953, inclusive as established by supplemental report of Master-in-Chancery ......................... $1,592.14
"Total ....................... $2,658.08    2.658.08
"Net Balance ......................... $3,549.77

"2. That the note in the sum of $9,401.69 dated May 21, 1947, made, executed and delivered by the Defendants to the Plaintiff has been paid in full and that all security given for said note should be and is hereby released.

"3. That there are no other sums whatsoever due or owing by either of the parties to the other, except as above set out, and that all other money judgments sought by either of the parties against the other should be and are hereby refused.

\*      \*      \*      \*      \*      \*

"It Is Therefore Ordered, Adjudged and Decreed by the Court: that the Defendants, Ben Shefman and Lillian Shefman, do have and recover, judgment of and from the Plaintiff, Henry Silver, on Defendants' cross-action, the sum of $3,549.77, with interest thereon from this date at the rate of six percent per annum, together with all costs of court including the allowance of $1,000.00 heretofore made by this Court to Wallace Barber, Master-in-Chancery, and that the said Plaintiff, Henry Silver, should also pay all costs of all depositions taken herein, but that each of the parties shall pay the fees, costs and expenses of any accountants retained by the respective parties to perform any services since the institution of suit herein, and that all other relief prayed for by either of the parties and not herein specifically granted, is hereby denied.

"To all of which the said Plaintiff, Henry Silver, in open Court excepted and gave notice of appeal to the 3rd Court of Civil Appeals sitting at Austin, Texas."

The appeal is founded principally on the failure of the court to accord plaintiff a jury trial on the objections and exceptions to the reports of the Master in Chancery and in rendering judgment against appellant based upon such reports.

The court rendered judgment based on the Master's findings in the reports in the amount herein set out.

We believe that in any event the court was in error in disposing of the merits of the questioned issues without hearing the testimony which might have been properly offered and received. The appellant has not waived his right to a trial on the issues.

We believe that the court or jury should hear the evidence in connection with the questioned issues, with the privilege of either party to object to any proferred testimony. Hamm v. J. Stone & Sons Live-Stock Co., 13 Tex.Civ.App. 414, 35 S.W. 427; San Jacinto Oil Co. v. Culberson, 100 Tex. 462, 101 S.W. 197.

At future trial of this cause the court should give its usual careful consideration to plaintiff's demand for a jury to aid the court. The right of a jury trial is a sacred one, and a party should not be denied such right except within the restriction surrounding such demand, payment of fee, and not entailing an unusual delay, etc.

McDonald Texas Civil Practice, Vol. 3, Sec. 11.02, p. 944.

By the second point appellant complains of the action of the court in adjudicating that appellees are entitled to the exclusive use of the new warehouse.

The third point is that the court was in error in adjudicating that appellant's right to examine the books of appellees expired upon the payment of the original purchase money note.

The fourth point is directed to the action of the court in decreeing that appellees are not required to prepare and submit to appellant an inventory and audit with respect to the business of appellees at the end of each fiscal year. These points deal with the court's construction as a matter of law, of certain provisions of the lease contract.

The court's finding that appellees are entitled to the use of the warehouse

without payment of any additional rent is based on the finding of the Master that the warehouse was constructed after the execution of the lease and that no agreement was made for the payment of additional rent, and these findings were objected to by appellant. This, then, is an issue to be determined on a trial.

Paragraph 8 of the contract is as follows:

"8. *Conduct of the Business* An inventory and audit shall be taken at the end of each fiscal year, which said fiscal year shall be from January 1st to December 31st of each year. Party of the First Part shall have the right, unless and until the Parties of the Second Part shall have paid the total consideration for the business as hereinafter recited, to examine the books of the business, but Party of the First Part shall not participate in the conduct of the business unless called upon to do so by the Parties of the Second Part. Provided, however, that should the inventory and bank account of said business, at the end of any fiscal year, show a diminution materially below that in the business as of the date of this contract, or should the books show threatened insolvency, or should the Parties of the Second Part conduct the business in a wasteful or unprofitable manner, then in that event the Party of the First Part may reenter into the management of the business and may operate said business either by himself or with the Parties of the Second Part, as he may select."

We believe that this provision in the contract is clear and unambiguous and that appellees are bound thereby, and should be required on trial to comply with it.

Section 9 of the contract provides a formula for the payment of royalties and such payment is in addition to the recited rent payment, and other covenants, and we believe that such royalty continues for the duration of the rental contract and that the appellant has the right to examine the books

of appellees so long as the lease shall be in force.

The judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.