

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00704-CV

**BILL MILLER BAR-B-Q ENTERPRISES, LTD.**,
Appellant

v.

Faith H. **GONZALES**,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court No. 361586
Honorable Irene Rios, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:     Catherine Stone, Chief Justice
            Karen Angelini, Justice
            Rebeca C. Martinez, Justice

Delivered and Filed:  October 29, 2014

REVERSED AND REMANDED

Bill Miller Bar-B-Q Enterprises, Ltd. challenges the trial court's award of attorney's fees to Faith Gonzales, asserting: (1) the trial court erred in determining the amount of attorney's fees to be awarded because a jury was required to determine the reasonableness of the amount of attorney's fees to award; (2) if section 21.259 of the Texas Labor Code[1] authorized the trial court to determine the amount to award, the statute unconstitutionally deprived Bill Miller Bar-B-Q of

---

[1] Chapter 21 of the Texas Labor Code is generally referred to as the Texas Commission on Human Rights Act (TCHRA). *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 502 n.1 (Tex. 2012).

its right to a jury; and (3) the evidence is insufficient to support the amount awarded. Because we hold that a jury was required to determine the reasonableness of the amount of attorney's fees to award, we reverse the portion of the trial court's judgment awarding attorney's fees and remand the cause for a new trial limited to the issue of attorney's fees.

## BACKGROUND

In January of 2013, a jury found that Bill Miller Bar-B-Q terminated Gonzales because of her opposition to and complaints of discriminatory conduct and awarded Gonzales $30,000 in back pay and compensatory damages. In February of 2013, Gonzales filed a motion for entry of judgment, attaching affidavits and time records relating to the attorney's fees sought and a proposed judgment that included an award of attorney's fees. The motion was set for hearing on various dates in March, April, and May of 2013.

On May 21, 2013, Gonzales filed an amended motion for entry of final judgment and attached a brief in support of her amended motion. Attached to Gonzales's brief are her attorneys' affidavits and their detailed time records. The brief asserts the amount of the attorney's fees to be awarded is to be determined by the trial court using the lodestar method. The trial court held a hearing on Gonzales's amended motion on May 29, 2013. At the hearing, the trial court heard argument about whether the amount of the attorney's fees was to be determined by the trial court or the jury. Gonzales subsequently filed a supplemental brief in support of her motion, and on July 2, 2013, the trial court signed a final judgment, awarding Gonzales $60,975.00 for attorney's fees through trial and additional conditional attorney's fees for post-judgment motions and appeals.

Bill Miller Bar-B-Q timely filed a motion for new trial with a brief in support of its motion, asserting it was entitled to a jury trial on the amount of attorney's fees to be awarded, and the denial of a jury trial was unconstitutional, reversible error. Following a hearing on the motion for

new trial, the trial court signed an order denying the motion for new trial. Bill Miller Bar-B-Q then filed its notice of appeal.

### AWARDING OF ATTORNEY'S FEES UNDER SECTION 21.259

In its first issue, Bill Miller Bar-B-Q contends the trial court erred in determining the amount of attorney's fees to award because the amount of fees to be awarded under section 21.259 is a jury question. In arguing this issue, Bill Miller Bar-B-Q asserts section 21.259 would be unconstitutional if the statute deprived Bill Miller Bar-B-Q of the right to have a jury determine the reasonableness of the amount of attorney's fees to award.

#### A. *Constitutional Right to Jury Trial on Attorney's Fees*

In construing section 21.259, we begin with Bill Miller Bar-B-Q's constitutional argument for two reasons. First, "[w]hen construing statutes we presume the Legislature intended them to comply with the Texas Constitution." *In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455, 468 (Tex. 2011). Second, this court "should, if possible, interpret [a] statute in a manner that avoids constitutional infirmity." *Quick v. City of Austin*, 7 S.W.3d 109, 115 (Tex. 1998).

"A party who wishes to challenge the constitutionality of a statute bears the burden of demonstrating that the enactment fails to meet constitutional requirements." *Seguin v. Bexar Appraisal Dist.*, 373 S.W.3d 699, 710 (Tex. App.—San Antonio 2012, pet. denied). Accordingly, Bill Miller Bar-B-Q had the burden of establishing that section 21.259 would be unconstitutional if the statute allowed the trial court to determine the amount of attorney's fees to be awarded.

"The Texas Constitution contains two separate provisions regarding the right of trial by jury." *State v. Credit Bureau of Laredo, Inc.*, 530 S.W.2d 288, 291 (Tex. 1975). "The first is Article I, Section 15, found in the Bill of Rights of the Constitution." *Id.* "[T]he second is Article V, Section 10, contained in the Judiciary Article." *Id.*

"Article I, Section 15 contains a jury provision similar to that found in the United States Constitution" and states "'the right of trial by jury shall remain inviolate.'" *Id*. (quoting TEX. CONST. art. I, § 15). "It is well-established that the Bill of Rights provision continues the right to a jury in all actions where that right existed at the time the Constitution was adopted" or "where a jury would have been proper at common law." *Id*. Bill Miller Bar-B-Q does not cite any authority that a right to a jury trial on the amount of attorney's fees to be awarded existed at the time the Texas Constitution was adopted. Furthermore, no right to recover attorney's fees existed at common law. *New Amsterdam Cas. Co. v. Tex. Indus., Inc.*, 414 S.W.2d 914, 915 (Tex. 1967) (noting "statutory provisions for the recovery of attorney's fees are in derogation of the common law"); *Tex. Mut. Ins. Co. v. Boetsch*, 307 S.W.3d 874, 881 (Tex. App.—Dallas 2010, pet. denied) (stating attorney's fees "were not recoverable under common law"). Accordingly, Bill Miller Bar-B-Q has not met its burden of demonstrating that section 21.259 would violate Article I, Section 15 if the statute were construed to allow the trial court to determine the amount of attorney's fees that would be reasonable to award.

As Bill Miller Bar-B-Q correctly argues in its brief, however, Article V, Section 10 of the Texas Constitution is more expansive than Article I, Section 15. Although some decisions mistakenly treat the two constitutional provisions as having identical meaning, "the present Judiciary Article protecting the right to a jury was added by the Constitution of 1845 because the Bill of Rights Article contained in the Constitution of the Republic did not extend to causes in equity." *State v. Credit Bureau of Laredo, Inc.*, 530 S.W.2d at 292. Thus, "the Judiciary Article was intended to broaden the right to a jury afforded by Article I, Section 15." *Id*. The current constitution extends the right to a jury to the "trial of all causes," providing:

> In the trial of all causes in the District Courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury; but no jury shall be empaneled in any civil case unless demanded by a party to the case,

and a jury fee be paid by the party demanding a jury, for such sum, and with such exceptions as may be prescribed by the Legislature.

TEX. CONST. art V, § 10.

Gonzales highlights the "with such exceptions as may be prescribed by the Legislature" as permitting the Texas Legislature to enact statutes creating exceptions to the constitutional right to a jury trial. Gonzales cites no law in support of this contention and we have found none.

Under Article V, Section 10, a party is entitled to a trial by jury on contested issues of fact in all causes. *State v. Credit Bureau of Laredo*, 530 S.W.2d at 292; *San Jacinto Oil Co. v. Culberson*, 101 S.W. 197, 198 (Tex. 1907); *Eppoleto v. Bournias*, 764 S.W.2d 284, 285 (Tex. App.—Waco 1988, orig. proceeding). A "cause" is "any legal process which a party institutes to obtain his demand or by which he seeks his right." *State v. Credit Bureau of Laredo*, 530 S.W.2d at 292. "[T]he Legislature cannot deprive any party of his right to trial by jury in any cause" which is the reason statutes must be interpreted to avoid that effect. *San Jacinto Oil Co. v. Culberson*, 101 S.W. at 199. The only "exceptions" in the law to the right to a jury trial are in those cases where the courts have held that a particular adversary proceeding does not qualify as a cause. *State v. Credit Bureau of Laredo*, 530 S.W.2d at 293. Because the underlying lawsuit is a "cause," Bill Miller Bar-B-Q is constitutionally entitled to a jury trial on all contested issues of fact. As Bill Miller Bar-B-Q notes in its brief, the reasonableness of statutory attorney's fees is a fact question for a jury's determination. *See, e.g. Transcontinental Ins. Co. v. Crump*, 330 S.W.3d 211, 230-31 (Tex. 2010); *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 367 (Tex. 2000); *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999); *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). Therefore, construing section 21.259(a) in a manner that would deprive Bill Miller Bar-B-Q of its right to a jury trial on the contested issue of the reasonableness of the attorney's

fees would appear to create a constitutional infirmity rather than avoiding it as we have been instructed to do. *See Quick*, 7 S.W.3d at 115.

>    B.    *Construction of Section 21.259*

Although Bill Miller Bar-B-Q relies on the general law stating that the reasonableness of the amount of attorney's fees to be awarded is a fact question, Bill Miller Bar-B-Q recognizes, in its parentheticals citing those cases, that those cases involved different statutory provisions authorizing attorney's fees. *See City of Garland*, 22 S.W.3d at 367 (discussing award of attorney's fees under Texas Public Information Act which provides the "court may assess costs of litigation and reasonable attorney fees incurred by a plaintiff or a defendant who substantially prevails"); *Bocquet*, 972 S.W.2d at 20-21 (discussing award of attorney's fees under Declaratory Judgments Act which provides "the court may award costs and reasonable and necessary attorney's fees as are equitable and just"); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (West 2008) (listing various claims, including breach of contract claims, for which a person "may recover reasonable attorney's fees … in addition to the amount of a valid claim and costs"). Bill Miller Bar-B-Q next acknowledges that federal law holds that the trial court determines the amount of attorney's fees recoverable in retaliatory discrimination claims, but contends federal law is not persuasive because Texas procedural law dictates which issues are submitted to a jury in Texas.

"Texas has long adhered to the American Rule with respect to awards of attorney's fees, which prohibits the recovery of attorney's fees from an opposing party in legal proceedings unless authorized by statute or contract." *Tucker v. Thomas*, 419 S.W.3d 292, 295 (Tex. 2013). Section 21.259(a) provides that "a court may allow the prevailing party … a reasonable attorney's fee as part of the costs." TEX. LAB. CODE ANN. § 21.259(a) (West 2006). As previously noted, Bill Miller Bar-B-Q argues this court should construe the statute as allowing the trial court only to

determine the availability of attorney's fees, not the amount to be awarded. "Because this is an issue of law involving statutory construction, we review it de novo." *Tucker*, 419 S.W.3d at 295.

Both of our sister courts that have considered this issue have held that the amount of attorney's fees is to be determined by the trial court because section 21.259 authorizes the recovery of the attorney's fees "as part of the costs." *See Union Pac. R.R. Co. v. Loa*, 153 S.W.3d 162, 173-74 (Tex. App.—El Paso 2004, no pet.); *Borg-Warner Protective Servs. Corp. v. Flores*, 955 S.W.2d 861, 870 (Tex. App.—Corpus Christi 1997, no pet.). In reaching their holdings, the courts focus on the phrase "as part of costs" and rely on case law discussing a trial court's award of "costs." Specifically, the Corpus Christi Court cites *American Commercial Colleges, Inc. v. Davis*, 821 S.W.2d 450, 454 (Tex. App.—Eastland 1991, writ denied), to reason: "The general rule is that the right to costs is based entirely on statutory and procedural rules, and therefore the trial court is the proper authority to determine and award costs." *Borg-Warner Protective Servs. Corp.*, 955 S.W.2d at 870.

In *American Commercial Colleges, Inc.*, a question regarding court costs was submitted to a jury which found that the reasonable and necessary costs were $4,000. 821 S.W.2d at 454. The court held that the costs should not have been submitted as a jury question. *Id.* Citing the Texas Rules of Civil Procedure 125, et seq., the court held that because the right to costs is based entirely on statutes or procedural rules, the trial court was the proper authority to determine and award costs. *Id.*

The term "costs" has an established meaning in Texas law. "'Costs' usually refers to fees and charges required by law to be paid to the courts or some of their officers, ***the amount of which is fixed by statute or the court's rules***, e.g. filing and service fees." *Sterling Bank v. Willard M, L.L.C.*, 221 S.W.3d 121, 125 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (emphasis added). In contrast, "attorney's fees are amounts owed to one's own lawyers, not officials or agents of the

judicial branch, and are not traditionally considered 'costs.'" *Shook v. Walden*, 304 S.W.3d 910, 924 (Tex. App.—Austin 2010, no pet.). This general concept is recognized by the Texas Legislature in the statutory provisions analyzed in the cases cited by Bill Miller Bar-B-Q which permit the trial court to award attorney's fees ***and*** costs. *See City of Garland*, 22 S.W.3d at 367; *Bocquet*, 972 S.W.2d at 20-21; *see also* TEX. CIV. PRAC. & REM. CODE. § 38.001; *Shook*, 304 S.W.3d at 924 (noting chapter 38 distinguishes between attorney's fees and costs). The question then becomes whether the Texas Legislature's failure to expressly distinguish between attorney's fees and costs in section 21.259(a) must be construed as allowing the trial court to determine the reasonableness of the amount of attorney's fees to award because section 21.259(a) awards the attorney's fees as costs.

Although section 21.259(a) permits attorney's fees to be awarded as costs rather than as an item of recovery separate from costs, the statute "does not dictate how to determine the attorney's fees amount, except that the award must be 'reasonable.'" *City of Garland*, 22 S.W.3d at 367. Thus, "[t]he statute is silent on the critical judge-or-jury question." *Crump*, 330 S.W.3d at 229. When faced with a similarly silent fee-shifting provision in *Crump*, the Texas Supreme Court construed the statute as entitling the parties to have the jury determine the disputed issue of the reasonableness of the attorney's fees. *Id*. at 231-32.

Having reviewed the applicable law, we hold that section 21.259(a) entitles the parties to have a jury determine the reasonableness of the amount of attorney's fees to award for several reasons. First, section 21.259(a) is silent on who determines the reasonableness of the amount of attorney's fees to be awarded. *See id*. at 229. Second, the amount of "costs" is fixed by statute or court rules; however, the reasonableness of the amount of attorney's fees to award is not fixed, but is a fact issue. *See Crump*, 330 S.W.3d at 230-31; *City of Garland*, 22 S.W.3d at 367; *Bocquet*, 972 S.W.2d at 21; *Sterling Bank*, 221 S.W.3d at 125. Finally, construing section 21.259(a) to

require the jury to determine the amount of attorney's fees to award "avoids [any possible] constitutional infirmity." *Quick*, 7 S.W.3d at 115.

Although Gonzales extensively cites the Texas Supreme Court's decision in *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757 (Tex. 2012), as supporting her position, we agree with Bill Miller Bar-B-Q that the issue presented in this case as to whether a party is entitled to have a jury determine the reasonableness of the amount of attorney's fees to award was not raised in *El Apple*. Although procedurally the trial court in *El Apple* determined the amount of attorney's fees to be awarded after a jury determined that an employer was liable in an employment discrimination and retaliation suit, the Texas Supreme Court never addressed whether the procedure was proper. *See id*. at 759. Instead, the only issues the Texas Supreme Court considered were: (1) whether the affidavits used to support the fee application were legally sufficient evidence of the hours expended and reasonable hourly rate; and (2) whether the trial court abused its discretion by enhancing the lodestar with a 2.0 multiplier. *Id.*

Citing *Quantum Chem. Corp. v. Toennies*, Gonzales further argues federal law, which permits the trial court to determine the amount of attorney's fees, should "guide our reading of the TCHRA" because the TCHRA is intended to "provide for the execution of Title VII of the Civil Rights Act of 1964 and its subsequent amendments." 47 S.W.3d 473, 476 (Tex. 2001). The federal cases rejecting the Texas approach of submitting the question on the reasonableness of attorney's fees to a jury, however, assert "the right to a trial by jury in federal courts is a matter of federal law." *Resolution Trust Corp. v. Marshall*, 939 F.2d 274, 279 (5th Cir. 1991). Because the United States Constitution "does not guarantee a trial by jury to determine the amount of reasonable attorney's fees," a party in federal court does "not have an absolute right to have the issue decided by a jury." *Id.*; *see also Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1341-42 (Fed. Cir. 2013) (holding party in federal court does not have right for jury to decide amount of attorney's

fees to award for breach of contract). As previously noted, however, the Texas Constitution provides more expansive protections of the right to a jury trial than provided in the United States Constitution. *See State v. Credit Bureau of Laredo, Inc.*, 530 S.W.2d at 292. Moreover, in *El Apple*, the Texas Supreme Court stated:

> State procedural rules generally govern the determination of attorney's fees in a suit brought under a state statute permitting attorney's fees. Although the TCHRA was enacted to effectuate the policies of Title VII of the Civil Rights Act of 1964, no indication exists that the Legislature intended to incorporate federal procedure for assessing attorney's fees.

370 S.W.3d at 764-65. Although Texas courts may consider federal standards, this court will not adopt a federal standard that would result in an interpretation that renders section 21.259 unconstitutional by depriving litigants of the right to have a jury determine a reasonable amount of attorney's fees to be awarded.

### C. *Lodestar Method for Awarding Attorney's Fees*

Gonzales finally suggests in her brief that the trial court was required to determine the amount of attorney's fees to award because Texas utilizes the lodestar method in calculating the attorney's fees under the TCHRA. We agree that in *El Apple*, the Texas Supreme Court recognized the use of the lodestar method for calculating attorney's fees in cases under the TCHRA. 370 S.W.3d at 759. We disagree, however, that the Texas Supreme Court has held that a jury may not determine the reasonableness of the amount of attorney's fees in cases in which the lodestar method is applied. Instead, its holdings appear to suggest that parties may elect to use the lodestar method to prove the reasonableness of the amount of attorney's fees to be awarded in any case, although they are not required to do so in any case where the use of the lodestar method is not required.

In *City of Laredo v. Montano*, "a jury determined that the City of Laredo's condemnation was not for an authorized public use and awarded attorney's fees and expenses to the property

owner." 414 S.W.3d 731, 732 (Tex. 2013). On appeal, the City complained "about deficiencies in the property owner's attorney's fee proof under the fee-shifting statute." *Id*. at 733. The Texas Supreme Court recognized that the fee-shifting statute applicable in that case did not require the attorney's fees to be determined under a lodestar method. *Id*. at 736. Because the property owner "chose to prove up attorney's fees using [that] method," however, the court held that its "observations in *El Apple*" regarding the manner of proof under the lodestar method "ha[d] similar application." *Id*.; *see also Long v. Griffin*, ___ S.W.3d ___, 2014 WL 1643271, at *1-2 (Tex. Apr. 25, 2014) (referring to party "choosing the lodestar method of proving attorney's fees" where statutes did not require that method); *United Nat'l Ins. Co. v. AMJ Invests., LLC*, ___ S.W.3d ___, 2014 WL 2895003, at *14 (Tex. App.—Houston [14th Dist.] June 26, 2014, no pet.) (holding that party choosing to use lodestar method when seeking attorney's fees in case where statute did not mandate lodestar method "was required to introduce sufficient evidence to allow the factfinder to apply it"). Therefore, the law does not support Gonzales's position that a jury is not permitted to determine the reasonableness of the amount of attorney's fees to award using the lodestar method.

## REMEDY

Bill Miller Bar-B-Q contends that Gonzales's failure to request a jury question on attorney's fees results in a waiver of any recovery of attorney's fees. In support of this contention, Bill Miller Bar-B-Q cites this court's decision in *RDG P'ship v. Long*, 350 S.W.3d 262, 277 (Tex. App.—San Antonio 2011, no pet.). In *Long*, this court held that an appellant waived the recovery of attorney's fees by failing to request a jury question on the reasonableness of its attorney's fees. 350 S.W.3d at 277. In reaching our holding, however, this court cited *Bocquet*, a 1998 Texas Supreme Court decision that resolved the issue of whether the reasonableness of attorney's fees was an issue for the jury or the trial court in a claim under the Texas Declaratory Judgments Act. *Id*. (citing *Bocquet*, 972 S.W.2d at 21).

Unlike the circumstances in *Long*, the only appellate courts that have considered the issue of whether a jury must determine the amount of attorney's fees to be awarded under section 21.259(a) have held that the amount of the attorney's fees was an issue to be determined by the trial court. *See Union Pac. R.R. Co.*, 153 S.W.3d at 173-74; *Borg-Warner Protective Servs. Corp.*, 955 S.W.2d at 870. Moreover, although not raised as an issue, the Texas Supreme Court made no comment regarding the parties' submission of the issue to the trial court in *El Apple*. When a party presents her case in reliance on precedent that is overruled, remand is appropriate in the interest of justice. *See Twyman v. Twyman*, 855 S.W.2d 619, 626 (Tex. 1993); TEX. R. APP. P. 43.3(b) (appellate court should render judgment except when "the interests of justice require a remand"). Given the circumstances presented in this case, and our disagreement with our two sister courts that have addressed the issue, we hold that the cause should be remanded in the interest of justice for a new trial limited to the issue of attorney's fees.

## CONCLUSION

Because the issue of the reasonableness of the amount of attorney's fees to be awarded is a fact issue for the jury to decide, the trial court erred in determining the issue. Accordingly, the portion of the trial court's judgment awarding attorney's fees is reversed. Because the prior case law discussing the issue held that the issue was one for the trial court to decide, the cause is remanded in the interest of justice for a new trial limited to the issue of attorney's fees.

Catherine Stone, Chief Justice