# SUPREME COURT OF TEXAS.

## TERM OF 1870-71.

### M. H. DAVIS AND OTHERS V. E. M. DAVIS.

1. Errors apparent on the face of the record may be, and often have been, revised and corrected by this court, though not assigned. It is discretionary with the court, however, whether it will regard such unassigned errors.

2. It is not within the power of the Legislature to alter or abridge the right of trial by jury, which, by section sixteen of article five of the Constitution, is secured " in all cases of law or equity, when the matter in controversy shall be valued at or exceeds ten dollars ;" and which, by section twenty-six, of the same article, is further secured " in the trial of all causes in the district court, upon application made in open court."

3. The twentieth section of the probate act of August 15, 1870, provides that " there is no trial by jury in probate matters, except when expressly provided by law." *Held*, that this statutory provision has reference only to the ordinary business of the probate court, when there is no contest or issue of fact to be tried.

4. When an issue of fact is joined in a probate proceeding, the Constitution requires that it shall be tried by a jury, unless the jury be waived ; and this requirement is a provision of law which obviates any supposed conflict between the probate act of 1870 and the Constitution, in this respect.

5. The widow of a decedent presented for probate a writing, which purported to be his last will and testament. The decedent's children, by a former wife, filed a protest, or contestation, wherein they charged that the writing propounded as the will was procured by fraud and undue influence ; and further alleged that the property sought to be devised was not the property of the decedent, but belonged to the estate of the deceased mother of the contestants, who were entitled to it as her heirs.

XXXIV—1

Statement of the case.

A jury trial of these questions of fact was demanded by the contestants, but the district court (sitting in probate) ruled that the act of August 15, 1870, dispensed with juries for the trial of such issues in this proceeding, and the demand of the contestants was refused. *Held*, that the contestants had a constitutional right to a trial of the issues of fact by a jury, and the refusal of such a trial was error, and error of such a character that this court takes cognizance of it, though not assigned as error by the appellants.

APPEAL from Grayson. Tried below before the Hon. C. C. Binkley.

The trial below was in the district court sitting in probate, and was had at its Fall term, 1870.

The appellee was the widow of Henry Davis, to whom it appears she was married in 1867, when he was about seventy years of age, and she something less than forty. He died in March, 1870, and by the instrument propounded as his will very nearly all he had was left to the widow, with a further provision that if she should die before he did, then the property devised to her should vest in "the heirs of her body," of which class of heirs she had one by Davis, and several by a previous husband.

Davis also had a numerous progeny by a previous marriage, and it was by some of them that the protest against the probate was interposed.

A good deal of evidence on both sides, relative to the allegations made by the protest, appears in the transcript; but as this court disposes of the case upon the constitutional question alone, there is no occasion to detail it.

The will was admitted to probate, and the contestants appealed. The opinion delivered in this case by Judge Ogden was that rendered on its first submission. A rehearing being allowed, and full argument heard, the brief opinion of Judge Walker was rendered.

*Joseph Bledsoe*, for the appellants, filed an able argument, discussing the case fully upon its merits.

*J. B. Morris* and *Chandler & Carleton*, for the appellee, discussed the jury question after they had obtained the rehearing. After arguing that the probate of a will is a matter of evidence merely, and that the legislative control over it is unlimited, when vested rights are not impaired, these counsel proceeded as follows:

Section seven, article five, of the Constitution gives three separate and distinct jurisdictions to the district court, to-wit: First, an original jurisdiction for the trial of causes; second, an appellate jurisdiction for the trial of causes originating in inferior courts; and third, an "original and exclusive jurisdiction for the probate of wills," etc., "under such rules and regulations as may be prescribed by law."

Under the above express grant of power, the Legislature did, on the fifteenth day of August, 1870, pass a law prescribing rules and regulations under which the district court may exercise its probate jurisdiction. Section twenty of this law expressly says that "there is no trial by jury in matters of probate except when expressly provided by law." Section seventy-six of said law sets out *in extenso* what the affidavit must contain before a will shall be considered as having been proven up sufficiently to admit it to record, and allow it to be admitted in evidence of the rights it professes to confer. We assert with confidence that the probating of a will means, in its legal sense, merely this and nothing more. To determine this question, then, as to whether or not the legal forms prescribed in the law have been complied with by the proper parties, the law in effect says there shall be no jury when it does not provide for one.

Section eighty-one provides that any party interested in a will may contest the same by commencing suit in the district court for that purpose within four years after the order probating the will has been entered. Section eighty-two gives parties, after discovering fraud in a will, the right to institute suit to contest its validity.

It is a well known rule of construction that all the parts of the

laws should be construed together when passing upon the legal effect or constitutionality of a law.

The act of March 20, 1848, (Paschal's Digest, article 1262, 301,) contains substantially the same provisions as sections seventy-six, eighty-one, eighty-two and eighty-three, of the act of 1870, and the Chief Justice of the county without a jury decided all matters of probate.

From section seventy-six of the present law we find what the Legislature has said is necessary to make a will "prove itself." In doing this it only establishes a rule of evidence, and sections eighty-one, eighty-two and eighty-three, clearly prove that it has authority to do this, because these sections clearly show that by so doing, no vested right or constitutional guaranty is sought to be infringed. Under a constitutional grant of power this act says, in effect, that to contest the validity of a will raises the trial of a cause, and that the district court under its jurisdiction to try causes must pass upon it aided by a jury. When the law says that to probate a will is one thing, and to contest the validity of a will is another thing, it only establishes rules affecting the remedy and evidence. This act is in harmony with the old law, and in harmony with the laws of the different States as far as we have been able to examine them. It is a principle as old as American law that all evidences of title, whether wills, deeds or anything else, should be proven up according to legal form, and put on record, in order that the world may have notice of the existence of such title. Entirely separate and distinct from this rule of evidence is the question as to the validity of a deed, will or other evidence of title. This question must be raised by commencing a suit in the district court, making all persons interested in the will or deed parties to the suit, and then try the cause *ab initio*, according to law, and the rules of evidence established by law. It will be remembered that the present law, in pointed terms expressly says that the probate judge cannot pass

upon the validity of a will when it says that for this purpose suit must be commenced in the district court. When a deed is properly proven up, and recorded, it is *prima facie* evidence of title. Its validity can be attacked by commencing the proper suit in the district court. When a will has been probated and recorded it is *prima facie* evidence of title. Its validity can be attacked by commencing the proper suit in the district court. We insist that the act of August 15, 1870, affects no vested rights, destroys no constitutional guarantees, and when it says that the formal proof of a will is one thing, and must be made in one way, and that the validity of a will is another thing, and must be contested in another way, it only establishes rules of evidence, and rules regulating legal remedies.

Section twenty-six, article five, of the Constitution says: "In the trial of all causes in the district court the plaintiff or defendant shall, upon application made in open court, have the right of a trial by jury, to be governed by the rules and regulations prescribed by law."

The act of August 15, 1870, following Blackstone, Kent, Bouvier, Daniel—the law of March 20, 1848, and the law of nearly every State in the American Union, says that the formal probate of a will necessary to entitle it to be recorded, and make it *prima facie* evidence of title, is no more the trial of a cause than is the formal proof of a deed. It further says, however, that the question of the validity of a will is the "trial of a cause" in its legal sense, and must be determined by the district court after a suit commenced, where the contestant will be entitled to and receive a trial by jury, and every other constitutional guarantee.

Appellants insist that said act is unconstitutional, in so far as it says that a judge can determine, without the aid of a jury, whether or not the legal requirements have been complied with, and a will is entitled to be recorded. This, the law says, and no more, and this the court below did in the case at bar, and no more.

We will now look briefly at a few rules of legal construction :
"The leading rule in regard to the judicial construction of
constitutional provisions is a wise and sound one, which declares
that, in cases of doubt every possible presumption and intend-
ment will be made in favor of the constitutionality of the act in
question, and that the courts will only interfere in cases of clear
and unquestioned violation of the fundamental law. It has been
repeatedly said that the presumption is that every State statute,
the object and provisions of which are among the acknowledged
powers of legislatures, is valid and constitutional, and such pre-
sumption is not to be overcome, unless the contrary is clearly
demonstrated." (Sedgwick on Stat. and Con. Law, 482 ; Fletcher
v. Peck, 6 Cranch, 87 ; *Ex parte* McCollom, 1 Cowen, 564 ;
Morris v. The People, 3 Denio, 381 ; Newell v. The People,
3 Seld., 109 ; De Camp v. Eveland, 19 Barb., 81.)

In the case of Sutherland v. De Leon, 1 Texas, 250, this
court said : " There is no rule of law which would authorize a
court to declare an act of the Legislature unconstitutional, unless
it be clearly so." And such has been the uninterrupted current
of the decisions of this court on this point. Flowing from this
rule is the further rule that a court will not pronounce a law un-
constitutional if a legitimate legal construction can be placed upon
it, which is constitutional. We insist that the only legal con-
struction which can be given to this law we have given above, and
that thus construed, the shadow of a doubt as to its constitution-
ality cannot arise, for it expressly guarantees to those wishing to
contest the validity of a will, which will bring into existence the
trial of a cause, the right of a trial by jury.

To affirm the judgment of the court below is only to say that
the will has been properly admitted to record. No construction
can make it amount to more. No court can take from the parties
their legal right to contest the validity of the will in the manner
prescribed by law, simply by saying that the will has been pro-

perly probated, no more than it could take from a party the right to attack a deed by saying that it had been properly proven up and recorded. Our system of laws no more authorizes a party to attack a will when it is offered for probate, on the ground that it was procured through fraud, undue influence, etc., than it authorizes him to attack a deed for the same reasons when it is filed with the clerk for record. Each are simply evidences of title, and have no legal existence until proven up. When a deed is offered for record the only question is: has it been executed in compliance with law. If yea, the clerk is compelled to record it. When a will is offered for probate the only question is has it been executed and proven as the law requires. If yea, the judge is compelled to order it to be recorded and established as a *prima facie* will.

The law of 1848 on this point was the same as the present law, and the universal practice in Texas has been the practice now contended for by us.

It is no new doctrine that a judge should decide matters of law, and not a jury. To agree with appellants, that a jury, not a judge, should decide matters of legal form, will subvert the fundamental principles of law and practice.

The present law keeps separate the rules of evidence from matters of fact. The judge passes upon one; a jury passes upon the other. This is in keeping with the American decisions on constitutional law.

We insist that the constitutional question raised by appellants is wholly untenable—is neither supported by reason nor authority. In our opinion there is, however, a grave constitutional question involved in this case. We will present it:

Section seven, article five, of the Constitution says that the district court "shall also have original and exclusive jurisdiction for the probate of wills," etc.

Under the decision of this court in the case of Titus v. Lati-

mer, 5 Texas R., 433, we insist that this appeal is improperly before this court, and that it has no jurisdiction whatever to pass upon the action of the court below in allowing the will of Henry Davis to be probated; and we invoke this clause to prove conclusively that the framers of the Constitution never for a moment believed that the formal probate of a will would ever be called the trial of a cause.

Appellants do not deny that the necessary proof of the execution of the will was made. The gist of their appeal is that the court below administered the law as it is and ever has been, and would not let them commence a suit wrong end foremost, without proper parties, and before the wrong tribunal, and at the wrong time, when no legal cause of action was in existence, for the purpose of adjudicating the complex question of fraud, undue influence, the effect of *nux vomica* upon the human system and separate and community property.

We respectfully insist, that the court below was right. The Constitution has established a tribunal to take cognizance of such questions. The law has prescribed the rules and regulations necessary to bring such questions before said tribunal, and we see no reason why the appellants in this instance should not be required to seek their legal remedies in a legal manner, as well as other litigants.

OGDEN, J.—Counsel for appellee claim that this cause should be dismissed for the want of an assignment of error as prescribed by law, and it is not doubted that this court would be authorized to disregard all errors not distinctly assigned as required by the statute. But it has not heretofore been held, nor do we think it would be a proper construction of the statute to hold, that the court is prohibited from an examination of an error not assigned. On the contrary, this court has in several cases revised and corrected the judgments of the lower courts for errors which were

patent on the record, without any assignment.    Believing this to be the correct practice, and fully authorized under the law, we have examined the transcript presented in this cause, and find such an error at the commencement of the trial below as will require a reversal of the judgment.

The appellee filed a petition in the lower court, to have probated what was claimed to be the last will and testament of Henry Davis, deceased; and the appellants filed a protest, or opposition to the probating of the will, and charged that the writing claimed to be the will of Henry Davis was procured through fraud and undue influence, and that the property attempted to be bequeathed was not the property of the pretended testator; and that therefore he had no authority to convey the same by will or otherwise.

On the trial of the cause, the appellants applied, in open court, for a jury to hear the evidence to be adduced and to determine the facts of the cause.  But the court decided that under section twenty of the probate law of August 15, 1870, "There is no trial by jury in probate matters, except when expressly provided by law; that there is no law expressly providing for juries in such cases;" and therefore appellants are not entitled to a jury to try the issues of fact presented by the pleadings.

The ruling of the court in this respect is believed to be such an error as will entitle the appellants to a new trial.  Article five, section sixteen, of the Constitution provides that, "In all cases of law or equity, when the matter in controversy shall be valued at or exceed ten dollars, the right of trial by jury shall be preserved, unless the same shall be waived by the parties or their attorneys;" and section twenty-six of the same article provides that, "In the trial of all causes in the district court, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury, to be governed by the rules and regulations prescribed by law."    These two clauses of the fundamental law of the State are binding upon the people and courts, and even the Legislature has

no authority, by statutory enactment or otherwise, to alter, abridge or construe any part or clause of the Constitution, excepting when there is express authority so to do; and article five, section twenty-six, granting to the people the right of trial by jury under such rules and regulations as may be prescribed by law, confers upon the Legislature the right to regulate, but not to abridge or deny that right.

We are, therefore, of the opinion that in all cases, either at law or in equity, where the matter in controversy is valued at or exceeds ten dollars, and where an issue of fact is joined between parties, either the plaintiff or defendant has a right to a trial by jury. There were distinct issues of fact between the parties in this cause, in the court below, and either had the right to have those facts determined and settled by a jury of the country. Should the statute of August 15, 1870, be found to be in conflict with the Constitution, then it can have no binding force or effect, but must yield to the paramount authority of the fundamental law.

But it is believed that the Constitution and the law of 1870 are in full harmony, and without a possible conflict. That clause of the statute has reference to the ordinary business of the probate court, when there is no contest or issue of fact to be tried. But should a contest arise in the probate court, and an issue of fact be joined, as presented in the cause at bar, then the Constitution becomes the law, expressly providing for a jury, and is in no sense in conflict with the statute. As this cause will be remanded for further proceedings, it may be proper to remark that the questions as to the authority of Henry Davis to dispose, by will, of all the property held by him at the time of his death, and the rights of his children by a former marriage, as the heirs of their deceased mother, must depend upon facts which should be found by a jury under proper instructions from the court. For the error indicated this cause is reversed and remanded.

Reversed and remanded.

WALKER, J.—A rehearing was granted in this case at the present term of the court.   We have re-examined the case carefully, and can see no reason for changing our former opinion.