## W. DAVIS v. THE STATE.

1. Section 16 of the Bill of Rights provides that no citizen shall be deprived of life, liberty, property or privileges, or in any manner disfranchised, except by due course of law. The Constitution (Article 5, Section 18,) subjects sheriffs to removal by the district judges, for cause to be spread upon the minutes of the court. *Held*, that there is no repugnancy between these two provisions, inasmuch as the latter prescribes the due course of law required by the former.

2. A sheriff is not entitled to a trial by jury upon a proceeding by the district judge for his removal from office, under Section 18, Article, 5 of the Constitution; and a rule entered against a sheriff, requiring him to show cause why he should not be removed, answers all purposes of a warrant or citation, as he is supposed to be always in court, and to be apprised of its orders.

3. On the removal of a sheriff by a district judge, the cause of removal is required to be made matter of record, in order that it may be known, and that, if erroneous, it may be revised and corrected on appeal.

4. The cause- shown by record for the removal of a sheriff was his non-compliance with the verbal command of the district judge, pronounced in open court, to convey prisoners to the jail of an adjacent county for confinement. *Held*, that the verbal order was not a lawful authority to the sheriff for the conveyance and commitment of the prisoners to the jail of another county ; and therefore it was error to remove him from his office because of his non-compliance with the order.

5. While [fully recognizing the authority conferred on district judges by the Constitution, to remove sheriffs for cause, this court regards it as an extraordinary power, out of the usual course of the law, and not to be exercised except in cases of great necessity, and even then with great caution and in strict conformity with the authority given.

APPEAL from Henderson. Tried below before the Hon. John G. Scott.

The facts of the case are made apparent by the opin- of the court.

*Thomas B. Greenwood*, for the appellant.—This was a proceeding by the district judge of the tenth judicial district, instituted during the March term of the District Court of Henderson county, against appellant, who was the sheriff of Henderson county, to remove appellant from his office of sheriff, which removal was accomplished by an order of the court, bearing date March 31, 1871.

This court will perceive, by examining the transcript in this cause, that there was no written motion or petition filed against the sheriff, charging and setting forth any cause for his removal, and no kind of legal process served upon the sheriff, to answer any accusation against him, and this is assigned for error. (See Paschal's Digest, Article 1425 ; see § 16 of the State Constitution.)

Now, I submit that under the Constitution and laws of the State, as they now exist, a sheriff cannot be re-

moved from office by the district judge by any kind of
civil process or procedure whatever.   That, notwith-
standing the provisions of section eighteen of article
five of the Constitution, the only mode by which a
sheriff or district clerk may be removed from office, is
by a criminal proceeding, in accordance with the pro-
visions of the criminal code and procedure ; that is, by
an indictment or information, charging some mal-
feasance, misfeasance or nonfeasance in office, a trial by
jury, and a conviction.   I contend that section eighteen
of article five of the Constitution confers no power
upon the district judge to remove a sheriff without
some legislation by the State Legislature, prescribing
for what causes a sheriff may be removed from his
office, and also the mode and manner of proceeding.
(See § 6 of Article 5 of the State Constitution; see, also,
§ 49 of Article 12 of the Constitution.)

I further contend that there is no cause set forth in
the judgment of removal in this case.   The officer is
charged with a contempt of court, but with no crimi-
nal offense in the discharge of his duties.   Then, this
being the case, has not the court erred in rendering the
judgment in this case—stripping a high public officer
of the robes of his office, and thus depriving him of a
right to a public office without giving him a day in
court; without giving him a copy of any charges
against him ; without giving a trial, and a chance to be
heard in his own defense ; without a chance to confront
the witnesses against him, if there were any ; without
a trial by jury, or giving a chance to know that he was
to be tried, so that he might be ready and demand a
trial by jury ?   Thus it was that appellant was deprived
of his office ; and I submit that the judgment rendered
against him should be reversed, and the cause ordered
to be dismissed from the docket of the district court.

*Wm. Alexander, Attorney General,* for the State.—
The Attorney General submits to the court, that the only
*mode provided by law* for the removal of a sheriff from
office, will be found in Article 75, Penal Code (Pas.
Dig. Art. 1677), and it must be consequent upon the
verdict of a jury, finding him not only guilty of the
offense charged, but that the offense was a willful vio-
lation of duty.

The various offenses for which a sheriff may be pro-
ceeded against by indictment or information are speci-
fied in Articles 310 to 319, and Article 354, Penal Code.

It is further suggested, that so much of Section 18
of Article 5 of the Constitution as provides that the
sheriff of a county shall be "subject to removal by the
judge of the district court for said county, for cause
spread upon the minutes of the court," is inoperative
without legislation defining the cause, and directing the
mode of procedure, except so far as the causes and
mode of procedure are specified in the above quota-
tions.

It is further suggested, that if the proceeding in this
case is instituted by virtue of section eighty-nine, of
"An act for the assessment and collection of taxes,"
passed August 15, 1870, it is matter of grave doubt
whether that section can constitutionally form part of
such an act, in view of the provision of the Constitu-
tion (Art. 12, § 17) that "every law enacted by the
Legislature shall embrace but one object, and that shall
be expressed in the title."

It is further suggested, that the proceeding in this
case appears to ignore two most important sections of
the Bill of Rights—the sections eight and sixteen.

And, with these suggestions, the Attorney General
submits this case to the court.

OGDEN, J.—The Constitution is the fundamental law of the land, prescribing in general terms the rights and duties of every citizen, whether in a private or official position ; and it is, or should be, one entire and harmonious rule for the government of every department of the political organization, whether legislative, executive or judicial; and though composed of many parts, or clauses, yet each should agree, and harmonize with all. It is therefore the duty of the courts to so construe each part, if possible, that no one clause shall conflict with, or contradict any other.

Section sixteen of the Bill of Rights provides that, "No citizen of this State shall be deprived of life, liberty, property or privileges, or in any manner disfranchised, except by due course of the law of the land." This clause is imperative, and should be obeyed by every department of the government, and every individual citizen of the State.

The appellant has appealed from an order and decree of the district court in this cause, and complains that he has been deprived of an important privilege and franchise, in violation of this imperative mandate of the Constitution. That, by an order of the district judge, he has been removed from the office of sheriff of Henderson county, without having been served with any written process whatever ; that he was deprived of a proper and legitimate hearing in court, and denied the right of trial by jury. It therefore becomes important, in order to a just disposition of this case, to know the constitutional power of the district court in making removals of the sheriffs, and what are the necessary formalities to be observed in making such removals.

Section 18, Article 5, of the Constitution, reads thus : "One sheriff for each county shall be elected by the qualified voters thereof, who shall hold his office for

four years, subject to removal by the judge of the district court for said county, for cause spread upon the minutes of the court.'' The evident intent and purpose of this clause of the Constitution was to put the sheriff directly under the immediate supervision and control of the judges, with full power and authority to remove summarily, for any cause, whether punishable as a crime or not, yet which might hinder and delay the business of the court, if not wholly defeat the ends of justice. Cases might, and often do arise, in which, if the judge were compelled to go through the tedious process of indictment, and trial by jury, in order to free the office of sheriff, or clerk of the court, of a worthless or bad incumbent, it would be wholly impossible to execute the law, or maintain the dignity or authority of the court. The sheriff and clerk are emphatically subordinate officers of the court, and it is believed that the framers of the Constitution intended to make the tenure of their offices dependent upon the faithful, prompt and efficient performance of all the duties of the same, determinable by the presiding judge alone, for cause spread on the record.

We are unable to discover how Section 18, Article 5, can in any way conflict with Section 16, of the Bill of Rights, as the former prescribes the due course of law required by the latter; nor can we see the force of the objection that appellant was denied the right of a trial by jury, as the case presented by the record was not one about which a jury could determine, there being no law to direct their judgment, excepting that clause of the Constitution which directs that the removal shall be done by the judge. The removal by the judge was in the nature of a fine or punishment for contempt, and we can see no reason or wisdom of a rule which would deny to the judge the right and power to maintain his

authority.   In the case at bar a rule was entered against the sheriff to show cause, in writing, why he should not be removed.   This order answered every purpose of a warrant or citation, as the sheriff is supposed to be always in court, and acquainted with the orders and rules.   The sheriff obeyed the rule, and filed his answer and affidavits in support of the same, and we can see no error in the action or ruling of the court in this respect, which would authorize this court in disturbing the judgment.   The Constitution, however, requires that the cause of the removal shall be spread on the records of the court, and without doubt, for the obvious and important reason that the order and cause may be seen and known, and, if necessary, to be revised and corrected by appeal.

The answer and defense of appellant, and the order of the court, and the cause of the removal, as there stated, have been carefully examined.   From the order of the court, we learn that appellant was removed from office for a contempt of court, in disobeying the "order and command" of the judge, pronounced in open court, to take two prisoners to the Anderson county jail, for safe keeping, and that in consequence the prisoners escaped.   It further appears that no order was entered upon the records of the court to that effect, and that no writ, or copy of any such record, ever issued to said sheriff, authorizing or ordering him to take said prisoners to Anderson county ; and that consequently the prisoners were kept in Henderson county by the sheriff, who attempted to have said prisoners guarded in his own county.   There is no evidence in the record of this cause, going to show that the sheriff had willfully or negligently permitted the prisoners to escape, or been guilty of any contempt of court, or neglect of any duty, excepting in failing to take the prisoners to An-

derson county during vacation, in obedience to the order and command of the judge, pronounced in open court, and without any written order or authority whatever. And for the reason stated, we think there was error in the order and decree of the court, in removing the appellant from the office of sheriff; as the sheriff could not legally have removed said prisoners from one county to another, without a written order and authority for that purpose. While we fully recognize the authority given by the Constitution to the judges to remove sheriffs for cause, yet we must also admit the fact that the power is an extraordinary one, to be executed out of the usual course for the administration of the law, and should therefore never be called into operation, excepting in cases of great necessity, and for clear and manifest cause; and even then with great caution, and in strict conformity with the authority given. The judgment of the district court, in removing the appellant from the office of sheriff of Henderson county, is reversed, and a mandate to reinstate him in said office is hereby awarded.

ORDERED ACCORDINGLY.