SIMEON HART v. W. W. MILLS.

1. While a complete denial under oath of all the equities in a bill for injunc-
tion does not entitle the party to a dissolution of the injunction as a mat-
ter of law, yet it places the whole matter within the sound discretion of
the court to dissolve the injunction or not, as the equities of the case may
require ; and the exercise of that discretion will not be revised by the
Supreme Court, unless it be manifest that error has been committed.
2. Pending a bill of review, injunction should not be resorted to by the
plaintiff in the bill of review as an independent proceeding to stay exe-
cution in the original suit.

APPEAL from El Paso. Tried below before the Hon.
S. B. Newcomb.

The appellant, on September 20, 1871, filed a petition
for an injunction to restrain the collection of a judgment.
The petition alleged that September 12, 1866, the ap-
pellee obtained a judgment against the appellant for
$50,000 ; that this judgment was obtained by the grossest
fraud and malpractice; that it was absolutely void for
want of service on the appellant; that the acts of the at-
torney representing the appellant in that cause were un-
authorized and not binding on the appellant; that through
intimidation the appellant was forced to flee from the
country and remain absent for a long time, and thereby
prevented from defending the said suit, and from institu-
ting proceedings to set that judgment aside before the
present time ; that on August 25, 1871, the appellant filed
a bill to review the said judgment, and the prayer of this

petition was for an injunction to restrain the issuance of executions on the judgment of 1866, pending the determination of the bill of review:

This petition is supported by the affidavits of A. C. Hyde and A. J. Fountain.

Upon these papers the injunction issued, and an injunction bond in $50,000 damages was filed.

September 25, 1871, the appellee filed his answer, which contained a general denial of the matters alleged in the bill of review, and of fraud in obtaining the judgment of 1866; an allegation that the appellant had knowledge of the said proceedings; that the appellant appeared in that cause, thereby waiving all irregularities and defects in the process; a denial of threats and intimidation against the appellant, except conditional threats, which are admitted; and denials of the other frauds charged in the petition.

This answer is supported by the affidavit of W. W. Mills, further denying the fraudulent acts charged, and to it is attached a copy of a letter purporting to have been written by Hyde, and produced to discredit him. There is also an affidavit of John O. Evans, relating to an assault made on the appellee. Then comes the affidavit of Watts, the appellee's attorney in the proceedings of 1866, denying the commission of any fraud by himself; and finally an affidavit of one Louis Cardis.

October 4, 1871, the appellee filed a motion to dissolve the injunction, which was overruled on the fourth of November, 1871.

January 24, the appellee filed an amended answer, alleging that the appellant, after the judgment of 1866, employed Zabriskie to carry that judgment to the Supreme Court on a writ of error; that the cause was dismissed, and that it was only after the dismissal that the present proceedings were instituted.

January 24, 1872, a new motion to dissolve was made, based upon a clerical mistake in the injunction bond, which describes the judgment of 1866 as rendered "on the twelfth day of September, A. D. 1871," instead of "on the twelfth day of September, A. D. 1866."

On this motion the District Court ordered the injunction dissolved.

*Hancock & West*, for appellant.

*Walton & Green*, for appellee.

OGDEN, P. J.—This is an appeal from a judgment of the District Court dissolving an injunction and dismissing the bill for the same. The injunction was sought in 1871, to stay the issuance of an execution upon a judgment rendered in that court in 1866, pending the proceedings on a bill for review, commenced in August, 1871. We think the bill filed in that case should have been made an exhibit in the petition for an injunction, that the court or judge applied to might have had an opportunity of determining the applicability of the two causes, and of determining the identity of complaint, and the merits of the first bill, to entitle a party to this extraordinary remedy.

It may be true that a complete denial, under oath, of all the equities in a bill for an injunction does not entitle a party to a dissolution of an injunction as a matter of law, but it certainly does place the whole matter within the sound discretion of the court, to dissolve the injunction or not, as the equities of the case may require; and the exercise of that discretion will not be revised by this court unless a manifest error has been committed.

This is a novel case. A judgment was rendered in 1866, and this injunction was sued out as an independent action to stay execution, in 1871, during the pendency of a

bill for review. We are not aware of any authority in this State for any such proceedings.

The grounds set out for the injunction are fraud and intimidation, and the illegality of the judgment sought to be restrained. The allegations of fraud, threats and intimidations, we think, are not only fully denied by the answer, but are proven not to be true by the affidavits of disinterested witnesses, and therefore cannot properly be claimed to support the maintenance of the injunction. There may have been irregularities on the trial of the original suit, in 1866, but we have discovered nothing in this record to convince us that the judgment is void, and therefore the proper subject for an injunction, after such a lapse of time. The service upon the defendant in that case may have been defective, or there may have been no service at all; yet the attorney of the defendant swears that he made an appearance in that suit for the defendant; that his action "in the case, from beginning to end, was the result of my own judgment and reflection, *under the instruction of my client;*" and therefore that appearance cured all defects in the service.

The defects in the original petition in the suit of 1866 are not subjects for our revision or criticism, as that is not before us; nor does the simple fact that the deputy sheriff acted as one of the jury in that case necessarily render that judgment void. We think the allegations and the equities of the bill for an injunction fully answered by the defendant, under oath, and the affidavits of other parties, and that the court did not err in dissolving the injunction.

The judgment is therefore affirmed.

AFFIRMED.