# Supreme Court of Texas

No. 20-0179

In the Matter of Troy S. Poe Trust

On Petition for Review from the
Court of Appeals for the Eighth District of Texas

JUSTICE BUSBY, joined by Justice Devine and Justice Young, concurring.

In declaring our independence from Mexico, Texans listed among their grievances that the Mexican government "failed and refused to secure, on a firm basis, the right of trial by jury, that palladium of civil liberty, and only safe guarantee for the life, liberty, and property of the citizen."[1]   We have similarly described the jury-trial right as "a substantive liberty guarantee of fundamental importance," *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 144 n.19 (Tex. 1994), that holds "a

---

[1] Declaration of Independence of the Republic of Texas (1836), *reprinted in* TEX. CONST. app. 771, 772 (2018).

sacred place in English and American history." *White v. White*, 196 S.W. 508, 512 (Tex. 1917).[2]

The framers of our present Texas Constitution considered this right so important that they used sweeping and emphatic language to guarantee it not once, but twice. Not only shall "[t]he right of trial by jury . . . remain inviolate," TEX. CONST. art. I, § 15, it shall apply upon a party's request "[i]n the trial of all causes." *Id.* art. V, § 10. The latter provision, in the Judiciary Article, was adopted to require that juries resolve ultimate issues of fact in equitable as well as legal proceedings. *See Cockrill v. Cox*, 65 Tex. 669, 672 (1886).

For more than a century, however, Texas courts have riddled the undeniably "broad" text of the Judiciary Article with *ad hoc*, "case-by-case" exceptions that deem juries "unsuitable" based on "isolated" "[s]pecial circumstances" rather than any coherent analytical framework. *See State v. Credit Bureau of Laredo, Inc.*, 530 S.W.2d 288, 292–93 (Tex. 1975). As a result, the Judiciary Article's jury-trial guarantee no longer does what it plainly says: "all causes" does not mean *all* causes.

This important right deserves better protection than a hodgepodge of confusing precedents and indeterminate adjectives. Like barnacles encrusting the hull of a ship, which make it impossible to see the underlying surface, every new case seems to obscure further the

---

[2] *See also Northcutt v. Northcutt*, 287 S.W. 515, 515–16 (Tex. App.—Eastland 1926, writ dism'd w.o.j.) (describing jury-trial right as "one of the greatest and most blessed securities afforded to free men" and "a landmark in our constitutional guaranties [sic], . . . the abridgement of [which] would bring dire results to our form of government").

original meaning of the jury-trial guarantees. Whether parties can claim the inviolable right to a jury in all causes should not be determined by allowing judges to label a jury "unsuitable" or a particular proceeding "special." Our Constitution is clear that a jury trial is a matter of right—not of suitability—in all causes, regardless of whether judges view them as special. Indeed, both jury-trial provisions exist, in part, to check the power of judges to deprive a person of life, liberty, or property except where his or her fellow citizens agree that disputed facts warrant that result.

One of the issues before us is whether the Judiciary Article of the Constitution guarantees a jury trial in a suit for modification of a trust under our statute that codifies the traditional equitable doctrine of deviation. *See* TEX. PROP. CODE § 112.054.[3] The Court remands for the court of appeals to address petitioners' contention that the Judiciary Article's jury-trial guarantee does not cover trust-modification suits. *Ante* at 18. Because petitioners chose not to raise this alternative ground for affirming the trial court's denial of a jury trial until they filed their motion for rehearing in the court of appeals, I agree with the

---

[3] Modification is an exception to the default rule under the Trust Code that "[a] trust is not subject to continuing judicial supervision" unless the court orders otherwise. TEX. PROP. CODE § 115.001(c). Thus, a trustee may never come into contact with the court system at all. In cases where a court does supervise the trustee, we have held that the court's approval of an accounting does not bar a suit for breach of fiduciary duty in which fact issues would be decided by a jury. *See Tex. State Bank v. Amaro*, 87 S.W.3d 538, 544–45 (Tex. 2002). We have not yet addressed whether there are fact issues for a jury to decide in a modification suit.

Court's discretionary decision to remand. *See id.* at 17–18; *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 519 (Tex. 2015).

In my view, this disposition has an added benefit: it provides a good opportunity to begin correcting the course of our jury-trial jurisprudence, guided by "the plain meaning of the [constitutional] text as it was understood by those who ratified it." *In re Abbott*, 628 S.W.3d 288, 293 (Tex. 2021). Of course, the court of appeals is not free to reexamine this Court's precedent—something we may eventually have to do. But it is entirely proper for the court of appeals to determine in the first instance what the Constitution actually requires, and to resolve the case on that basis unless doing so would contravene a precedent of this Court. Assuming that the parties press the issue, the court of appeals would make a useful start by studying the meaning of the language chosen by the framers and adopters of the Judiciary Article's guarantee in its historical context. *See Degan v. Bd. of Trs. of Dall. Police & Fire Pension Sys.*, 594 S.W.3d 309, 313 (Tex. 2020). I thus encourage the parties, practitioners, legal historians, and other interested *amici*—in this case and others—to contribute their level-best assessment of what the 1876 Constitution meant by "cause," relying on contemporary sources.

The meaning of the Judiciary Article's language may be consistent with our precedent, or it may not. But to decide whether it is, a clear understanding of our precedent will also be necessary. To further this understanding, it would be helpful for courts to organize our past decisions into categories according to the rationales that motivated the holdings, identify the dispositive inquiry in each category, and

decide whether a particular jury demand must be honored under the applicable category.

With the hope that better days are ahead for our twin jury-trial guarantees, I offer some observations regarding an overall analytical framework of our precedent for the bench, bar, and *amici* to consider as this and future cases offer opportunities to bring more clarity, historical insight, and analytical rigor to our jurisprudence implementing Texans' constitutional right to a jury trial.

\*     \*     \*

As explained above, the right to a jury trial takes a unique form in our present Constitution, which "twice guarantees the right." *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 526 (Tex. 1995). Our cases are fairly clear in distinguishing between these two guarantees, but beyond that our precedent is—to put it mildly—quite a mess.

The court of appeals did a commendable job of beginning to grapple with the Constitution's jury-trial guarantees despite very limited briefing from the parties. That court took care to note that the two guarantees provide different scopes of protection. 591 S.W.3d 168, 176–77 (Tex. App.—El Paso 2019). The court also observed that under the Judiciary Article, "the right to a jury trial extends to disputed issues of fact in equitable, as well as legal proceedings," *id.* at 178 (citing *San Jacinto Oil Co. v. Culberson*, 101 S.W. 197, 198 (Tex. 1907)), while it is the trial court's role to "determine[] the 'expediency, necessity, or propriety of equitable relief.'" *Id.* at 179 (quoting *State v. Tex. Pet Foods, Inc.*, 591 S.W.2d 800, 803 (Tex. 1979)). Finally, as part of a harmless-

error analysis, the court concluded that "the questions of changed circumstances and impossibility of performance"—the statutory predicates for modification at issue here—"were at least disputed fact questions on this record." *Id.* at 181.[4]

As the Court points out, however, the court of appeals ultimately looked to the modification statute—section 112.054 of the Trust Code—and its incorporation of our Rules of Civil Procedure to hold that a jury trial was required. I agree with the Court that this statutory holding is incorrect. *See ante* at 10–12.

In this Court, all parties have addressed the constitutional issue directly and provided helpful briefing regarding how it should be decided under our existing cases. Although I join the Court's prudential decision not to resolve that issue today in the first instance, the parties' briefing does provide a starting point for organizing our precedent.

To begin that process, I offer the following observations. Rather than attempting to determine whether the proceeding at issue shares a common factual feature with another proceeding that we have held does not require a jury, it is helpful to focus on the motivating reasons underlying our holdings. When examined through this lens, the following four categories and relevant inquiries emerge from our case-by-case determinations. These categories may not be exhaustive, may overlap to some extent, and may require future adjustment. But they offer useful guideposts for starting to make sense of our precedent implementing the Constitution's twin jury-trial guarantees.

---

[4] I express no view on the correctness of these conclusions at this juncture.

**First**, "by successive constitutions both as a Republic and as a State, [Texas] has protected the right to a trial by jury in those cases where a jury would have been proper at common law." *Credit Bureau*, 530 S.W.2d at 291. This protection currently appears in our Bill of Rights, which provides that "[t]he right of trial by jury shall remain inviolate." TEX. CONST. art. I, § 15.

We have explained that the Bill of Rights "preserves a right to trial by jury for those actions, or analogous actions, tried to a jury at the time the constitution of 1876 was adopted." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 450 (Tex. 1993). "It therefore only applies if, in 1876, a jury would have been allowed to try the action or an analogous action." *Barshop v. Medina Cnty. Underground Water Conserv'n Dist.*, 925 S.W.2d 618, 636 (Tex. 1996).

Thus, if the proceeding is (a) an action under the common law, (b) analogous to such an action, or (c) a statutory or rule-based substitute for such an action, then the relevant jury-trial guarantee is found in the Bill of Rights. *Credit Bureau*, 530 S.W.2d at 291–92; *see also Garcia*, 893 S.W.2d at 527 ("The [Workers' Compensation] Act is a substitute for the common law negligence remedy, which was an action tried to a jury in 1876. Therefore, . . . the Act's remedy is analogous to a claim for which the right to jury trial is constitutionally preserved."); *Barshop*, 925 S.W.2d at 636 ("We therefore hold that no right to jury trial under article I, section 15 of the Texas Constitution attaches to appeals from the permit adjudications under the [Edwards Aquifier] Act since these are not actions, or analogous actions, which were tried to a jury at the time the Texas Constitution was adopted."). In such

proceedings, if a jury would have tried a disputed matter as a fact at the time the Constitution was ratified in 1876,[5] the Bill of Rights' guarantee of the "right of trial by jury" applies and no further inquiry is needed because the Legislature cannot abrogate the constitutional right to a jury trial by statute. *See Garcia*, 893 S.W.2d at 527, 529; *White*, 196 S.W. at 512–13.

**Second**, the Judiciary Article of the Constitution provides that "[i]n the trial of all causes in the district courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury." TEX. CONST. art. V, § 10. As to the meaning of "all causes," the framers of the 1845 Constitution added the original version of this provision to extend the jury-trial guarantee to "all causes in equity,"[6] which had not been covered by the Bill of Rights in the Republic Constitution. *See Credit Bureau*, 530 S.W.2d at 292; *Cockrill*, 65 Tex. at 672. Subsequent Constitutions provided that the jury-trial right "shall be preserved" in "all cases of law or equity,"[7] and our present Constitution settled on the broader phrase "all causes." Thus, "the right to a jury trial extends to disputed issues of fact in equitable as well as

---

[5] *Cf. Johnson v. State*, 267 S.W. 1057, 1062 (Tex. App.—Dallas 1924, writ ref'd) (explaining there was no right to a jury at common law in a contempt proceeding); *Pittman v. Byars*, 112 S.W. 102, 103 (Tex. Civ. App.—Austin 1908, no writ) ("There were, however, prior to the adoption of the Constitution certain classes of cases which were triable without jury, and all cases previously triable without jury may still be so tried."). I discuss proceedings historically tried without a jury in the third category below.

[6] TEX. CONST. of 1845, art. IV, § 16.

[7] TEX. CONST. of 1866, art. IV, § 20; TEX. CONST. of 1869, art. V, § 16.

legal proceedings." *Casa El Sol–Acapulco, S.A. v. Fontenot*, 919 S.W.2d 709, 715–16 (Tex. App.—Houston [14th Dist.] 1996, writ dism'd by agr.).

If a proceeding is (a) a cause in equity, (b) analogous to one, or (c) a statutory or rule-based substitute for one, the pivotal inquiry in deciding whether there is a "right of trial by jury" under the Judiciary Article is whether the disputed matter is a question of fact that must be submitted to a jury or a question of equitable discretion to be decided by the court. *See San Jacinto Oil*, 101 S.W. at 199 (holding that, under receivership statute authorizing court appointment of master with equitable powers, the right "[t]o still demand a jury to try the issues of fact is . . . secured . . . by the [C]onstitutio[n]"); *Hall v. Layton*, 10 Tex. 55, 60–61 (1853). Although the boundary between questions of fact and questions of equitable discretion is hardly a novel issue, we have not had occasion to address in detail the proper handling of potentially "mixed" questions of fact and discretion.[8] Yet our recent cases provide some guidance for determining whether a question falls on the factual or discretionary side of this line.

"When contested fact issues must be resolved before equitable relief can be determined, a party is entitled to have that resolution made by a jury." *Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 741 (Tex. 2018) (quoting *Burrow v. Arce*, 997 S.W.2d 229, 245 (Tex. 1999)).[9] Thus,

---

[8] By comparison, in a cause under the common law, mixed questions of fact and law are submitted to a jury. *E.g. Hart v. Bullion*, 48 Tex. 278, 289 (1877).

[9] *See also Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 887 (Tex. 2019) ("Although the expediency, necessity, and propriety of equitable relief is a matter for the court, a jury may be required to

"a jury may have to settle disputed issues about what happened." *Wagner & Brown, Ltd. v. Sheppard*, 282 S.W.3d 419, 428 (Tex. 2008). But "[a]s a general rule, a jury 'does not determine the expediency, necessity, or propriety of equitable relief.'" *Burrow*, 997 S.W.2d at 245 (quoting *Tex. Pet Foods*, 591 S.W.2d at 803).[10] "[T]he weighing of all equitable considerations . . . and the ultimate decision of how much, if any, equitable relief should be awarded, must be determined by the trial court." *Hill*, 544 S.W.3d at 741 (quoting *Hudson v. Cooper*, 162 S.W.3d 685, 688 (Tex. App.—Houston [14th Dist.] 2005, no pet.)).[11]

---

resolve disputed issues when material facts are contested."); *DiGiuseppe v. Lawler*, 269 S.W.3d 588, 596 (Tex. 2008).

[10] *See also Caballero v. Cent. Power & Light Co.*, 858 S.W.2d 359, 361 (Tex. 1993) (discussing "our practice in injunction proceedings of requiring submission to the jury of only the ultimate issues of fact, but leaving the purely equitable determinations (expediency, necessity, or propriety of equitable relief) to the judge"); *Tex. Pet Foods*, 591 S.W.2d at 803 ("A jury in equity, even under a blended system, does not decide the issue of expediency, necessity or propriety of equitable relief." (quoting *Alamo Title Co. v. San Antonio Bar Ass'n*, 360 S.W.2d 814, 816 (Tex. App.—Waco 1962, writ ref'd n.r.e.))).

[11] *See also Longview Energy Co. v. Huff Energy Fund LP*, 533 S.W.3d 866, 874 (Tex. 2017) ("The scope and application of equitable relief such as a constructive trust [or disgorgement] . . . 'is generally left to the discretion of the court imposing it.'" (quoting *Baker Botts, L.L.P. v. Cailloux*, 224 S.W.3d 723, 736 (Tex. App.—San Antonio 2007, pet. denied))); *cf. Hart v. Mills*, 38 Tex. 517, 519 (1873) ("It may be true that a complete denial, under oath, of all the equities in a bill for an injunction does not entitle a party to a dissolution of an injunction as a matter of law, but it certainly does place the whole matter within the sound discretion of the court, to dissolve the injunction or not, as the equities of the case may require . . . .").

This distinction, and the associated division of labor between court and jury,[12] derives from courts' recognition that "factors like the adequacy of other remedies and the public interest . . . , as well as the weighing of all other relevant considerations, present legal policy issues well beyond the jury's province of judging credibility and resolving factual disputes." *Burrow*, 997 S.W.2d at 245. For example, "[w]hether it is 'equitable and just' to award less than the fees found by a jury is not a fact question because the determination is not susceptible to direct proof but is rather a matter of fairness in light of all the circumstances." *Ridge Oil Co. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 162 (Tex. 2004).[13] In addition, forward-looking questions such as "imminent harm"[14] and matters of degree such as "[t]he gravity . . . of the breach of duty"[15] are for the court to decide.

Although the line between an "ultimate issue[] of fact," *Tex. Pet Foods*, 591 S.W.2d at 803, and "the ultimate decision of how much, if any, equitable relief should be awarded," *Hill*, 544 S.W.3d at 743 (quoting *Hudson*, 162 S.W.3d at 688), may not always be bright, the

---

[12] *Cf. Bigham v. Se. Tex. Env't, LLC*, 458 S.W.3d 650, 673 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("Although a jury trial was conducted on STE's claims for damages and the breach-of-fiduciary duty question underlying one of STE's requests for disgorgement, the unauthorized-practice-of-law determination and whether to order disgorgement on that basis were issues for the bench.").

[13] *See also Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).

[14] *Operation Rescue-Nat'l v. Planned Parenthood of Hous. & Se. Tex., Inc.*, 975 S.W.2d 546, 554 (Tex. 1998).

[15] *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 875 (Tex. 2010).

inquiry is nonetheless a familiar one.  *See, e.g.*, *Schuring v. Fosters Mill Vill. Cmty. Ass'n*, 396 S.W.3d 73, 76 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (explaining "two-step inquiry" that first asks "whether the evidence shows actual changed circumstances" and second "whether the trial court abused its discretion in ruling upon the requested modification").  Courts have also held that the following matters do not present issues of ultimate fact for a jury:

- the likelihood of an unconscionable hardship,[16]

- whether a manifest injustice is threatened,[17]

- whether a litigant has unclean hands,[18]

- whether a constructive trust should be imposed,[19]

---

[16] *See, e.g.*, *Reynolds-Penland Co. v. Hexter & Lobello*, 567 S.W.2d 237, 246 (Tex. App.—Dallas 1978, writ dism'd) ("Although we agree with the dissent that the right to a jury trial extends to disputed fact issues in equitable, as well as legal proceedings, we cannot agree that such questions as whether the delay is slight or whether an unconscionable hardship results are the type of disputed fact issues that may be decided by a jury.").

[17] *See City of White Settlement v. Super Wash, Inc.*, 198 S.W.3d 770, 773 (Tex. 2006) ("We cautioned that this exception is available 'only in exceptional cases where the circumstances clearly demand its application to prevent manifest injustice.'  The court, not the jury, determines whether the exception applies." (citation omitted) (quoting *City of Hutchins v. Prasifka*, 450 S.W.2d 829, 836 (Tex. 1970))).

[18] *See, e.g.*, *Stafford v. S. Vanity Mag., Inc.*, 231 S.W.3d 530, 537 (Tex. App.—Dallas 2007, pet. denied).

[19] *See Longview Energy Co.*, 533 S.W.3d at 874; *Burrow*, 997 S.W.2d at 249 ("[W]hether a constructive trust should be imposed must be determined by a court based on the equity of the circumstances.").

- the division of property in a divorce action,[20] and

- other factors relevant to a court's weighing of the equities.[21]

Our remaining precedent can be grouped into two additional categories. "Although the right to jury trial under the Judiciary [A]rticle is potentially broader than under the Bill of Rights in that it covers all 'causes' regardless of whether a jury was available in 1876, it can also be narrower in that not all adversary proceedings are 'causes' within the meaning of the Judiciary Article." *Garcia*, 893 S.W.2d at 527. For example, "[f]or over one hundred years, we have noted that 'in certain types of adversary proceedings the constitutional right to a jury trial does not attach.'" *Oncor Elec. Delivery Co. v. Chaparral Energy, LLC*, 546 S.W.3d 133, 144 (Tex. 2018) (quoting *Tex. Ass'n of Bus.*, 852 S.W.2d at 450). In addition, "access to a jury need not be provided at the initial adjudication, so long as 'the right to appeal and the jury trial on appeal are secured.'" *Id.* (quoting *Cockrill*, 65 Tex. at 674).

As explained in *Credit Bureau*, our Court has tended so far to make "case-by-case determination[s]" regarding the types of proceedings that implicate a constitutionally protected jury right. 530 S.W.2d at 293. In that case, we listed at least five contexts in which "[s]pecial circumstances justif[ied] our former holdings that not all adversary proceedings qualify as a 'cause' under the Judiciary Article," including

---

[20] *See, e.g.*, *Walter v. Walter*, 127 S.W.3d 396, 398 (Tex. App.—Dallas 2004, no pet.) ("The division of property in a divorce action is exclusively within the province of the trial judge, not the jury.").

[21] *Hill*, 544 S.W.3d at 741–42.

civil contempt proceedings,[22] election contests,[23] habeas corpus proceedings for the custody of minor children,[24] suits for removal of a sheriff,[25] and appeals in administrative proceedings.[26] We noted that "[i]n each of the above instances, there is some special reason that a jury has been held unsuitable." *Id.*

Upon closer inspection, the reasons that we have identified for denying a jury under the Judiciary Article generally fall into two additional categories. As I explain next, the third category includes adversary proceedings that are ancillary to or lack the essential characteristics of a cause. And many of the proceedings mentioned in *Credit Bureau* involved separate constitutional provisions that compelled the court to conclude that no jury right attached to the proceeding at issue. I address those proceedings in the fourth category below.

**Third**, if the proceeding is one—whether ancillary or supplementary to a cause or created by statute or rule—that lacks the essential characteristics of a cause, the disputed matter need not be tried to a jury unless a statute provides otherwise. *See Gibson v. Templeton*, 62 Tex. 555, 558 (1884). One example is receiverships. A

---

[22] *Credit Bureau*, 530 S.W.2d at 293 (citing *Ex parte Allison*, 90 S.W. 870 (Tex. 1906); *Crow v. State*, 24 Tex. 12 (1859); *Johnson*, 267 S.W. at 1062).

[23] *Id.* (citing *Hammond v. Ashe*, 131 S.W. 539 (Tex. 1910)).

[24] *Id.* (citing *Burckhalter v. Conyer*, 9 S.W.2d 1029 (Tex. Comm'n App. 1928); *Pittman*, 112 S.W. at 102).

[25] *Id.* (citing *Davis v. State*, 35 Tex. 118 (1871)).

[26] *Id.* (citing *State v. De Silva*, 145 S.W. 330 (Tex. 1912); *Tex. Liquor Control Bd. v. Jones*, 112 S.W.2d 227 (Tex. App.—Texarkana 1937, no writ)).

receivership is generally a remedy rather than a separate cause and is imposed and administered in ongoing proceedings incidental or ancillary to a cause, with a jury available to try disputed issues of fact in that cause. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE §§ 31.002(b), 62.001, 62.061, 64.001; *Cocke v. Southland Life Ins. Co.*, 75 S.W.2d 194, 198 (Tex. App.—El Paso 1934, writ ref'd) (concluding right to jury did not extend to "incidental and supplemental hearing" on final accounting of receiver appointed following default judgment).

In *San Jacinto Oil*, we upheld the constitutionality of a statute providing for the appointment of masters in chancery in receivership proceedings. 101 S.W. at 199. We explained that "[n]o right of trial by jury is involved in" the "appoint[ment of] a master in chancery to investigate and report upon such matters as are submitted" by the court. *Id.* at 198. These matters include the receiver's management and operation of receivership property as directed by the court. *E.g.*, *McHenry v. Bankers' Tr. Co.*, 206 S.W. 560, 572 (Tex. App.—Galveston 1918, writ ref'd). But *San Jacinto Oil* went on to hold that the right "[t]o still demand a jury to try the issues of fact" following the master's report "is a right secured to [the appellants] by the constitutional and statutory provisions before cited." 101 S.W. at 199.[27]

---

[27] *See also Citizens St. Bank of Sealy v. Caney Invs.*, 746 S.W.2d 477, 478 (Tex. 1988) (per curiam) (holding party entitled to jury trial on request to enjoin it from foreclosing on receivership property); *Ex parte Harvill*, 415 S.W.2d 174, 176 (Tex. 1967) (holding party entitled to jury trial on receiver's claim to property); *Arlington Heights Realty Co. v. Citizens' Ry. & Light Co.*, 160 S.W. 1109, 1117 (Tex. App.—Amarillo 1913, no writ) (relying on *San Jacinto Oil* for the proposition that "the trial judge did not err in submitting as many or all of the matters as he saw fit to the master, because there was

Wills and estate administration provide another example. We have held that a will contest did not require a jury trial in county court because one was available on trial de novo in district court. *Cockrill*, 65 Tex. at 674; *see also Ex parte Allison*, 90 S.W. at 871 (holding statute authorizing court to enjoin public nuisance did not violate jury-trial guarantee because "[b]efore the injunction could be made perpetual under the statute in question it is the right of the defendant to have the jury pass upon the facts").

As to estate administration, a court handling a dependent administration exercises control over the personal representative and estate that is at least as extensive as the control it has over a receiver and receivership property, and the court also exercises substantial control over certain aspects of an independent administration.[28] Yet in *Davis v. Davis*, we narrowly construed a statute that had generally committed all probate matters to the court's discretion and denied a right to trial by jury, concluding that this construction rendered the statute constitutional. 34 Tex. 15, 24 (1871); *see Cockrill*, 65 Tex. at 673.

*Davis* held that this statute applied only "to the ordinary business of the probate court, when there is no contest or issue of fact to be tried," and that "should a contest arise in the probate court, and an issue of fact be joined, . . . then the constitution becomes the law, expressly providing

reserved to appellant the right to except to any and all of the master's findings, whether of fact or law, and have the questions of fact passed upon by a jury under a proper charge by the court").

[28] *See, e.g.*, TEX. EST. CODE chs. 301, 305, 306, 309, 351, 355–360, 362, 402; *Eastland v. Eastland*, 273 S.W.3d 815, 821–22 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

for a jury." 34 Tex. at 24. As we explained, the jury-trial provisions of the Judiciary Article are part "of the fundamental law of the state [that is] binding upon the people and courts, and even the legislature has no authority, by statutory enactment or otherwise, to . . . abridge or deny that right." *Id.* at 23–24. We also concluded in *Davis* and subsequent cases that probate matters such as a will contest, the right of a decedent to dispose of property, the rights of heirs, and the grant of letters of administration can turn on factual disputes to be resolved by a jury at some point in the judicial process. *Id.* at 24; *see also Cockrill*, 65 Tex. at 672–74; *Tolle v. Tolle*, 104 S.W. 1049, 1049–50 (Tex. 1907). As we observed in *Tolle*, whether a jury trial is constitutionally required "is not a question of the nature of the contest, but, merely, is there a matter of fact for a jury to determine?" 104 S.W. at 1050.

**Fourth**, if a separate provision of the Constitution authorizes a court to decide the issue—as it does with election contests, administrative appeals, child custody determinations, removal of sheriffs, and supervision of county commissioners—then the disputed matter is not tried to a jury unless a statute provides otherwise. *Tex. Ass'n of Bus.*, 852 S.W.2d at 451; *Hammond v. Ashe*, 131 S.W. 539 (Tex. 1910); *Davis*, 35 Tex. at 123–24; *Henry v. Sullivan*, 499 S.W.3d 545, 551, 553, 556–57 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (applying Article V, section 8 regarding supervision of county commissioners).[29]

---

[29] Regarding suits to remove a sheriff, *see* TEX. CONST. art. V, § 23.

As to election contests, an 1891 amendment to Article V of the Constitution provided that "[t]he district court shall have original jurisdiction of contested elections." *See Ashford v. Goodwin*, 131 S.W. 535, 537 (Tex. 1910) (quoting TEX. CONST. of 1876, art. V, § 8 (1891)). We held in *Hammond* that "the right of trial by jury does not exist" for such contests because the language of the amendment "does not embrace contested elections as 'causes' in which the right of trial by jury is secured." 131 S.W. at 539. In other words, "[t]he grant in the Constitution of jurisdiction to hear contests of elections . . . does not convert such contests into 'causes,' as that term is used in the provision of the Constitution referred to, nor make them other than proceedings specially created and controlled by the statutes which allowed them." *Id.*

Our holdings on the right to trial by jury in administrative appeals likewise were impacted by independent constitutional authority. "In *Corzelius* [*v. Harrell*, 186 S.W.2d 961 (Tex. 1945)], we concluded that certain judicial functions, including fact finding, may be delegated constitutionally by the legislature to administrative agencies in furtherance of the preservation and conservation of the state's natural resources" under "article XVI, section 59(a) of our constitution." *Tex. Ass'n of Bus.*, 852 S.W.2d at 451.[30]

Another example is child custody cases prior to the Legislature's 1961 decision to mandate jury trials by statute. Many courts held that

---

[30] *See also De Silva*, 145 S.W. at 333 ("The state had the power to prescribe the manner of enforcing the law by revoking a license granted, which action was not judicial, but administrative or ministerial.").

separate provisions of the Constitution authorized a judge to decide the custody issue. Some courts based their no-jury holdings on a prior version of the Judiciary Article, which granted district courts "original jurisdiction and general control over . . . minors." TEX. CONST. art. V, § 8 (amended 1973 and 1985).[31] In addition, *Credit Bureau* refers to cases involving "habeas corpus proceedings for the custody of minor children," 530 S.W.2d at 293, and the Constitution grants district courts distinct jurisdiction to issue writs such as habeas corpus without a jury. TEX. CONST. art. I, § 12; *id.* art. V, § 8; *Grimm v. Garner*, 589 S.W.2d 955, 956 (Tex. 1979); *Pittman v. Byars*, 112 S.W. 102, 104 (Tex. Civ. App.—Austin 1908, no writ), *cited with approval in White*, 196 S.W. at 514.

\*　　\*　　\*

With these observations, I join the Court's opinion. And I look forward to a robust dialogue about the meaning and implementation of our vital constitutional guarantees of trial by jury.

---

[31] *See, e.g.*, *Noble v. Noble*, 185 S.W. 318, 319 (Tex. App.—Austin 1916, no writ) ("Under section 8, art. 5, of our state Constitution, original jurisdiction and general control is given to the district court over minors, under such regulations as may be prescribed by law. . . . [W]e think, under the section of the Constitution above quoted, that the court had the authority . . . to award such custody to any suitable person . . . ."); *Green v. Green*, 146 S.W. 567, 569 (Tex. App.—Amarillo 1912, writ dism'd) (holding that welfare of minor child "has always been of such paramount importance, both to it and society, as to require at the hands of some branch of government a supervisory control, . . . and under our system, as well as our Constitution, this power is exclusively vested in the district courts and the judges thereof, as is expressly provided in article 5, § 8, of our state Constitution").

_____

J. Brett Busby
Justice

**OPINION DELIVERED:** June 17, 2022